[Civ. No. 6960. Fourth Dist. Aug. 2, 1963.]

LORNA CRANE, Plaintiff and Respondent, v. SEARS ROEBUCK & CO., INC., et al., Defendants and Appellants.

Luce, Forward, Hamilton & Scripps, Arvin H. Brown Jr., Henry F. Walker, Wheeler, McCue & Morris and John J. McCue for Defendants and Appellants.

Dattan, Sharkey & Peterson, John S. Rhoades, Thomas E. Sharkey and Howard S. Dattan for Plaintiff and Respondent.

BROWN (Gerald), J.—Plaintiff Lorna Crane sued defendant Sears Roebuck & Co., Inc., (hereinafter called Sears) and defendant Universal Paint Corporation, (hereinafter called Universal) to recover damages for personal injuries sustained by her when she was burned by fire.

Plaintiff complained in two causes of action against each defendant, one based upon negligence and the other upon breach of warranty of suitability and fitness for purposes intended.

After the parties had rested and the defendants' motions for directed verdicts were denied a jury verdict favoring plaintiff against both defendants was returned, judgment was entered accordingly and defendants appeal from said judgment and an order denying their motions for judgment notwithstanding the verdict. In defendants' briefs only Universal and not Sears urges error of the trial court in denying its motion for judgment notwithstanding the verdict.

Plaintiff and her husband were starting a restaurant business. They desired to paint the interior of the premises and went to a Sears store in San Diego to obtain some paint. The Sears salesman prevailed upon plaintiff and her husband to buy a surface preparer. The surface preparer was made by Universal according to a formula furnished by Sears; Sears provided the label and its language for placement on the cans in which the product was placed. Among other things the label provided, "CAUTION: INFLAMMABLE MIXTURE, DO

not use near fire or flame . . . Contains more than 15% Benzol—BEWARE OF POISONOUS FUMES.'' The directions stated that the product should be applied to surfaces with a soft cloth, allowing it to set for 10 to 15 minutes before applying an undercoat of enamel. Evidence at the trial disclosed that the surface preparer had a low flash point and was highly volatile.

After purchasing the surface preparer plaintiff returned to the restaurant premises, read the instructions on the label, poured some surface preparer into a bowl and applied the material with a piece of cotton bath towel to a wall in the toilet room. Inasmuch as she was working with fumes she had the front and back doors open and the kitchen windows open. There were no windows or ventilation in either the toilet room or the adjoining wash basin compartment in which there was a hot water heater, other than a vent tube in the toilet room. Plaintiff was not certain whether the heater's pilot light was on.

Plaintiff first dipped the cotton towel in the bowl of surface preparer, wrung it out, walked through the washroom to the toilet room and applied the solution to a small portion of the wall. She then returned to the bowl for more surface preparer. After walking back to the toilet room where she resumed washing the wall, there was a ''whoosh,'' fire leaped into the room, plaintiff caught on fire, and came running out of the room into the café portion screaming for her husband who extinguished the flames. Thereafter, plaintiff's husband dumped the contents of the surface preparer in the bowl in the kitchen and used the bowl to put out the fire in the wash basin area. Plaintiff was not able to provide information at the trial as to the source of the flame, but defense witnesses believed it to be from the water heater, which was about 6 feet from where plaintiff was working with the surface preparer and which was necessary for her to pass en route to the toilet room.

■ Universal contends the trial court erred in denying its motion for judgment notwithstanding the verdict. This, of course, must rest upon the same consideration of the evidence as in a nonsuit, that viewing the evidence most favorably in support of the plaintiff, the court as a matter of law can come only to the conclusion that the verdict is not supported by substantial evidence. *Palmquist* v. *Mercer*, 43 Cal. 2d 92 [272 P.2d 26].

■ As to the negligence cause of action, Universal con-

tends the surface preparer was not its product but the formula of Sears; that Sears gave Universal the formula to mix the ingredients and place in a can with a label on the outside conforming to one prepared by Sears. Inasmuch as Universal did nothing more than it was called upon to do by Sears it seeks exculpation from any liability for the product which is admittedly highly volatile and with a low flash point. The label cautioned that the surface preparer was an inflammable mixture, not to be used near fire or flame, and to beware of poisonous fumes. It did not say that the mixture was combustible or explosive. The label pointed out that the fumes were poisonous, but nothing was said about their combustibility. The product was not to be used near a flame or fire, but nearness is a matter of degree when one considers the volatility, explosiveness or combustibility of a mixture and its fumes. It is a question of fact whether the label gave appropriate warning. The fact that plaintiff knew ventilation was necessary and opened doors and windows of the restaurant cannot lead to the sole conclusion that she was aware of the dangerous combustible propensities of the product; the jury was entitled to conclude that she ventilated the premises because of the ''poisonous fumes'' and not because she believed that those fumes might easily catch fire.

One who manufactures a dangerous product cannot claim exemption from liability for injuries from the use of such product on the ground of merely carrying out the express orders of a third party with respect to its manufacture and labeling where the label does not give appropriate warning to the purchasing public, constituting in effect a trap for the unwary. *Dow* v. *Holly Mfg. Co.*, 49 Cal.2d 720 [321 P.2d 736]. In view of the latent, dangerous qualities of the surface preparer herein involved, Universal, as manufacturer, had an independent duty of determining that adequate warning was given to the public with respect to its use. The facts herein presented a question for the jury to determine whether this was done.

As to the cause of action based upon warranty it was not necessary for plaintiff to establish an express warranty as defined in section 1732 of the Civil Code in order to impose liability on Universal. *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57, 62 [27 Cal.Rptr. 697, 377 P.2d 897]. ''A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that

causes injury to a human being." (*Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57, 62 [27 Cal.Rptr. 697, 377 P.2d 897].)

While there was no "defect" in the surface preparer manufactured by Universal, it contained latent dangerous characteristics against which it was incumbent to protect during handling and use, with respect to which appropriate warning must be given the public. Liability of the manufacturer in cases of this nature is not created by contract, but is imposed by law and is governed by the law of strict liability in tort. *Greenman* v. *Yuba Power Products, Inc.* 59 Cal.2d 57, 63 [27 Cal.Rptr. 697, 377 P.2d 897].

Universal's contention that timely notice was not given under the warranty cause of action is without merit since no notice was required under Civil Code, section 1769. (*Greenman* v. *Yuba Power Products, Inc., supra,* 59 Cal.2d 57, 60-61 [27 Cal.Rptr. 697, 377 P.2d 897].) The court did not err in ordering a denial of the motions for judgment notwithstanding the verdict.

The remaining two issues on appeal are urged by both defendants, Sears and Universal, and concern instructions to the jury. Defendants first contend the court committed prejudicial error in instructing the jury that contributory negligence was not a defense to the breach of warranty cause of action and in refusing to instruct that contributory negligence was a defense thereto. Defendants' position is without merit. Contributory negligence is not a defense in an action based on warranty even though such warranty sounds in tort. *Kassouf* v. *Lee Bros. Inc.,* 209 Cal.App.2d 568, 572-573 [26 Cal.Rptr. 276]; *Vassallo* v. *Sabatte Land Co., Inc.,* 212 Cal.App.2d 11, 18 [27 Cal.Rptr. 814].

Lastly the defendants contend the court prejudicially erred in giving the following instruction relating to labeling the product:

"A manufacturer or supplier of a product must give warning of any dangerous propensity of an article produced or sold by him inherent in the product or in its use of which he knows or should know, and which the user of the product would not ordinarily discover. The warning should be such that if followed would make the product safe for users. To comply with this duty the manufacturer or supplier must appropriately label the product, giving due consideration to the likelihood of accident and the seriousness of consequences from failure to so label it as to warn of any dangers

that are inherent in it and its use or that may arise from the improper handling or use of the product.''

There is no prejudicial error in this instruction. The first sentence merely establishes a broad duty in accord with *Proctor & Gamble Co.* v. *Superior Court,* 124 Cal.App.2d 157 [268 P.2d 199], wherein the court said at page 162:

''It is settled that if a manufacturer knows or should know that an article sold by him is dangerous he must give appropriate warning to the user of a danger which he ordinarily would not discover. (*Briggs* v. *National Industries, Inc.* 92 Cal.App.2d 542 [207 P.2d 110] ; *Tingey* v. *E. F. Houghton & Co.,* 30 Cal.2d 97, 102 [179 P.2d 807].)''

 The second sentence specifies the type of warning, i.e., one calculated to make use of the product safe. Any warning that is not calculated to do this is an idle act. Not all risks inherent in the use of this product can be anticipated. Other risks while anticipated may be unimportant. To include important as well as unimportant risks on a label might well create a volume of verbiage that no user could be expected to labor through, thus effectively failing as any warning at all. A warning must reasonably be calculated to reach the user without requiring the manufacturer to anticipate each and every risk. In defining the scope of the warning the third sentence requires only that it be reasonable, a warning of reasonable scope being one which is drafted after considering those risks which improper labeling make likely and which may result in serious consequences.

The judgment is affirmed and the order denying defendants' motions for judgment notwithstanding the verdict is affirmed.

Griffin, P. J., and Coughlin, J., concurred.