Floyd Pimm, Respondent, *v.* Graybar Electric Co., Inc., Appellant, et al., Defendant.

Fourth Department, April 6, 1967.

*Harris, Beach, Wilcox, Dale & Linowitz* (*Edward R. Macomber* of counsel), for appellant.

*Seymour Bernstein* and *William Servis* for respondent.

Del Vecchio, J. On this appeal we are reviewing an order denying a motion by Graybar Electric Co. to dismiss each of two causes of action in an amended complaint, which sought damages for personal injuries resulting from breach of warranty, as alleged in the first cause of action, and from negligence, as alleged in the second cause of action.

This action was commenced against the manufacturer of a lighting fixture and the appellant which, as a wholesale distributor sold the fixture to Rochester Gas and Electric Corporation (R G & E). The amended complaint alleges that plaintiff was an employee of the Rochester Telephone Corporation which maintained its telephone wires on a utility pole in the Town of Greece upon which R G & E ran its power lines. On the morning of August 24, 1963 plaintiff was called to repair a

broken telephone line and for that purpose climbed the utility pole being used jointly by the power and telephone companies. While climbing, his hand came in contact with the crane which held a lighting fixture to the pole. As the result of an alleged defect in the fixture, plaintiff sustained an electrical shock and fell to the ground, suffering extensive injuries.

According to the affidavit submitted on this motion, R G & E ordered the fixture from Graybar as described under the manufacturer's brand name and catalogue number to be shipped directly from the manufacturer to the purchaser and it never came into the possession of the distributor. Special Term has refused to dismiss either cause of action asserted against appellant.

With regard to the warranty action: In an earlier action commenced by this plaintiff against R G & E that defendant impleaded both the manufacturer and distributor who are the defendants in this action. The verified third-party complaint of R G & E—which was presented by plaintiff in opposition to the present motion and properly may be considered under CPLR 3211 (subd. [c])—alleges that express and implied warranties were made by appellant to the buyer concerning the fitness and merchantability of the lighting fixture. Plaintiff's complaint in this action alleges that he relied upon these warranties, of which reliance appellant knew or should have known; upon information and belief that appellant knew that employees of the telephone company, including plaintiff, would be in close contact and proximity with the lighting fixture; and that appellant breached the afore-mentioned warranties to plaintiff's damage. In view of these allegations, which have not been rebutted by an evidentiary showing sufficient to warrant the court as a matter of law in directing judgment in favor of appellant, we are of the opinion that the court below correctly denied the motion to dismiss the cause of action in warranty (cf. *Thomas* v. *Leary,* 15 A D 2d 438).

The Court of Appeals has not yet defined the limits to which it will go in permitting actions for breach of express or implied warranties absent privity between the parties. It has however sustained a complaint in actions of this kind against the manufacturer of an airplane and against a chemical manufacturer, both of whose products resulted in physical or property damage to a remote user (*Goldberg* v. *Kollsman Instrument Corp.,* 12 N Y 2d 432; *Randy Knitwear* v. *American Cyanamid Co.,* 11 N Y 2d 5). In *Goldberg* the court said (pp. 436–437): "Where an article is of such a character that when used for

the purpose for which it is made, it is likely to be a source of danger to several or many people if not properly designed and fashioned, the manufacturer *as well as the vendor* is liable, for breach of law-implied warranties, to the persons whose use is contemplated.''

It has also affirmed a judgment in favor of plaintiff in an action upon an implied warranty by a nonpurchaser against a retailer of a sealed product, who — very like appellant in the present case — was without opportunity to inspect the product (*Greenberg* v. *Lorenz,* 9 N Y 2d 195). (As to distributors' liability, see Prosser, The Fall of the Citadel, 50 Minn. L. Rev. 791, 815–816.) In the light of these decisions, showing an increasing tendency to extend the area of liability for breach of warranty without privity to contemplated users of the product, we think the motion to dismiss the first cause of action was properly denied. In view of the allegations that plaintiff, to appellant's actual or constructive knowledge, relied upon the warranties and that appellant knew that plaintiff would come in close contact with the lighting fixture, we think that plaintiff might well come within the status of a '' user '' of the product such as to be able to maintain the action. He was one whose relationship to the fixture could well be anticipated — just as could that of the members of the family for which the product was purchased in *Greenberg* v. *Lorenz* (*supra*).

As to the second cause of action, based on negligence: We think that the proof adduced on the motion to dismiss warranted summary judgment for appellant on this cause of action. Whatever might have been the duty of the distributor to inspect the lighting fixture, to discover the defect and to warn if it had in fact come into its possession (see *Outwater* v. *Miller,* 3 A D 2d 670; *Alfieri* v. *Cabot Corp.,* 17 A D 2d 455, affd. 13 N Y 2d 1027; *Santise* v. *Martins, Inc.,* 258 App. Div. 663), we do not perceive how appellant could be held liable for the breach of such a duty when, by the purchaser's own specification, the brand name product was routed from a reputable manufacturer in a closed carton directly to the buyer so as to preclude the opportunity for any inspection. By its selection of the fixture by brand name and catalogue number and by its request for direct shipment, the purchaser took from the distributor the power to make any choice in the item furnished and waived any inspection by it. In these circumstances, there could be no recovery against appellant for its failure to inspect the lighting fixture. Accordingly, the second cause of action should have been dismissed.

BASTOW, J. P., GOLDMAN, HENRY and MARSH, JJ., concur.

Order unanimously modified to grant the motion to the extent of dismissing the second cause of action of the amended complaint, and as modified, affirmed, without costs.