**Paul I. SILLS, Plaintiff,**

v.

**MASSEY–FERGUSON, INC., Defendant.**
**Civ. No. 2009.**

United States District Court
N. D. Indiana,
Fort Wayne Division.

Feb. 24, 1969.

Archie Lapin, Muncie, Ind., J. Philip Burt, Fort Wayne, Ind., for plaintiff.

Robert C. Riddell, Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., Gilmore S. Haynie, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Ind., for defendant.

## ORDER

ESCHBACH, District Judge.

This matter is before the court upon defendant's motion to dismiss the plaintiff's amended complaint for failure to state a claim upon which relief can be granted. The motion will be denied.

This civil action was commenced in the Blackford Circuit Court, Blackford County, Indiana, on July 9, 1968 by the filing of a complaint by the plaintiff, Paul I. Sills. Pursuant to 28 U.S.C. § 1441 (1964), defendant, Massey-Ferguson, Inc., removed the cause to this court by a petition filed on July 30, 1968. Plaintiff is a citizen of Indiana and defendant is a Maryland corporation with its principal place of business outside Indiana. The amount in controversy exceeds ten thousand dollars, exclusive of interest and costs, and this court has jurisdiction. 28 U.S.C. § 1332 (1964).

Pursuant to the court's order of October 22, 1968 granting plaintiff leave to file an amended complaint, an amended complaint was filed on October 22. On October 29, 1968, defendant filed the motion to dismiss which is the subject of this order.

This is a products liability action. According to the amended complaint, defendant is in the business of designing, manufacturing, and selling lawn mowers. The mower in question is a rotary-type mower that is towed behind a tractor. One William King purchased the mower, which was designed and manufactured by the defendant, and was

using it on the premises of an automobile dealer in Montpelier, Indiana. On July 22, 1966, while plaintiff was visiting the dealer for the purpose of purchasing a new car, the mower allegedly passed over a bolt that had been lying on the ground, picked it up, and threw it approximately one hundred fifty feet through the air so that it struck plaintiff in the jaw. The theories upon which plaintiff seeks to recover damages are negligence, breach of implied warranty, and strict liability as defined in Section 402A of the Restatement. Restatement (Second) of Torts § 402A (1965).

The proper correlation between the various theories asserted by the defendant in support of the motion to dismiss and the particular theory of liability to which they are properly addressed is discerned only with difficulty.

In Count II of his amended complaint, sounding in negligence, plaintiff alleges that defendant knew or should have known that the risk of injury to the public from objects being thrown by the mower was a foreseeable risk; that defendant was negligent in failing to design a mower with openings in the blade housing that would prevent objects from being hurled forth, in failing to provide guards on the mower, in designing a mower with five and six-foot openings in the housing, and in failing to warn the general public to stay a safe distance from the mower. It is further alleged that defendant's negligence was a proximate cause of injury to the plaintiff.

Thus, plaintiff has alleged that defendant owed him a duty, that defendant breached that duty, and that the breach was a proximate cause of injury to him. In essence, defendant contends that the injury arose from the use of the mower and not from any negligence on the part of defendant or defect in the product, that plaintiff incurred the risk because the danger was obvious, and that defendant owed plaintiff no duty to warn. In the posture of a motion to dismiss, these contentions are without merit.

Under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court is committed to the law of Indiana in this diversity action. Reasonable foreseeability is the fundamental test of proximate cause, and this rule is not changed by the fact of an alleged intervening act or agency. Elder v. Fisher, 247 Ind. 598, 217 N.E. 2d 847 (1966); New York Central R.R. Co. v. Cavinder, Ind.App., 211 N.E.2d 502 (1965); Phares v. Carr, 122 Ind. App. 597, 106 N.E.2d 242 (1952); Buddenberg v. Morgan, 110 Ind.App. 609, 38 N.E.2d 287 (1941); McIntosh v. Pennsylvania R. Co., 111 Ind.App. 550, 38 N. E.2d 263 (1941). Unless reasonable minds could not differ, the determination is one for the trier of the facts. Elder v. Fisher, 247 Ind. 598, 217 N.E. 2d 847 (1966); Phares v. Carr, 122 Ind.App. 597, 106 N.E.2d 242 (1952). It cannot be said as a matter of law that defendant's conduct was not a proximate cause of plaintiff's alleged injuries.

The incurred risk defense, submitted by way of a motion to dismiss, similarly raises factual questions that are for the jury unless only one inference from the facts is possible upon the face of the complaint. Stallings v. Dick, Ind.App. 210 N.E.2d 82 (1965); Thompson v. Pickle, 136 Ind.App. 139, 191 N.E.2d 53 (1963). At this posture of the proceedings, it cannot be said from an examination of the allegations in the amended complaint that plaintiff incurred the risk of injury.

Whether or not defendant should have warned plaintiff of the dangers, if any, is also a question for the jury. In a negligence action, provided that the plaintiff is one to whom the defendant owes a duty, that duty is to exercise such care as a person of reasonable or ordinary prudence would exercise in view of all the conditions and circumstances of the particular case. E.g., Northern Indiana Power Co. v. West, 218 Ind. 321, 32 N.E.2d 713 (1941). The question of duty is one of law while the question of the exercise of due care is one of fact. *Id.* Thus, it is for the

jury to determine whether or not a warning was required in order for defendant to discharge his duty of exercising due care. The motion to dismiss Count II is denied.

The material allegations of Counts I and III are identical. Plaintiff alleges that defendant was a seller of lawn mowers, that defendant sold the mower in question, that the mower was sold in a defective condition, and that the defect was a proximate cause of his injuries. Count I is cast in the language of a breach of an implied warranty of fitness and merchantability while Count III is cast in strict liability language. Restatement (Second) of Torts § 402A (1965). The alleged defects are those referred to in Count II as specifications of negligence.

As this court suggested in Greeno v. Clark Equip. Co., 237 F.Supp. 427 (N. D.Ind.1965), the difference between implied warranty as it has been developed in products liability law and strict liability as defined in the Restatement is more semantic than real. Compare Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1 (1960) with Suvada v. White Motor Co., 32 Ill.2d 612, 210 N.E.2d 182 (1965). Under both theories, the conditions of liability are a "defective condition," which exists when the product leaves the seller's control, which proximately causes the plaintiff's injury. Greeno v. Clark Equip. Co., 237 F.Supp. 427, 429 (N.D.Ind.1965). While this court is unwilling to hold that there is *never* a significant difference between the two theories, it is plain that the outcome of the vast majority of cases is not affected by this fine legal distinction. For this reason, Counts I and III will be considered together.

Defendant's grounds for dismissal are (1) that plaintiff was a mere bystander who may not recover because he is not in privity with the defendant (Impliedly, defendant questions plaintiff's standing as a "user or consumer" under Section 402A of the Restatement.); (2) that the alleged injuries arose from the *use* of the product rather than from a defect in the product which existed when it passed from the defendant's hands; (3) that the hazards, if any, were sufficiently obvious that plaintiff incurred the risk; (4) that the product was not defective; and (5) that no warning was required because the hazards, if any, were sufficiently obvious to the plaintiff.

In deciding the questions raised by defendant's motion, the court has been forced to proceed as to some of these questions without the guidance of the Indiana courts since there are no reported Indiana decisions on some of these matters.

Therefore, the court must look to all available data and adopt the rule which it believes the Indiana Supreme Court would choose. * * * Indiana would unquestionably adopt the best reasoned and most intrinsically fair position, and presumably a determination by this court on such a basis would find approval with the Indiana Supreme Court. Greeno v. Clark Equip. Co., 237 F.Supp. 427, 430 (N. D.Ind.1965).

The direction of the law in Indiana is clear. In Hart v. Goodyear Tire & Rubber Co., 214 F.Supp. 817 (N.D.Ind. 1963), it was noted that Indiana has never committed itself to the doctrine that privity is essential to a recovery for breach of implied warranty. A year later, the teaching of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696 (1916), was embraced by Indiana. J. I. Case Co. v. Sandefur, 245 Ind. 213, 197 N.E.2d 519 (1964). Then came *Greeno*, which determined that Indiana would follow Section 402A of the Restatement. Restatement (Second) of Torts § 402A (1965). More than four years have elapsed since *Greeno* was announced and there is no Indiana decision rejecting or embracing that holding. The United States Court of Appeals for the Seventh Circuit, however, has affirmed a verdict for the plaintiff, submitted to the jury under a theory of strict liability, apparently as

defined in Section 402A. Ilnicki v. Montgomery Ward Co., 371 F.2d 195 (7th Cir.1966) (Indiana law). See also Dagley v. Armstrong Rubber Co., 344 F.2d 245 (7th Cir.1965) (Indiana law).

■■ The first ground urged for dismissal raises the question of the scope of a manufacturer's duty—does a manufacturer owe a duty to a mere bystander who is not a "user" or "consumer"? Under Indiana law, this is a question to be decided by the court. Cf. Northern Indiana Power Co. v. West, 218 Ind. 321, 32 N.E.2d 713 (1941); Schemel v. General Motors Corp., 384 F.2d 802 (7th Cir.1967). The Restatement on its face applies only to a "user or consumer." Restatement (Second) of Torts § 402A (1965). While this language has a broad meaning, Restatement (Second) of Torts, Explanatory Notes § 402A, comment 1 at 354 (1965); cf. Delaney v. Towmotor Corp., 339 F.2d 4 (2d Cir. 1964), the Restatement expressly warns that it takes no position on bystander recovery. Restatement (Second) of Torts, Explanatory Notes § 402A, comment o at 356 (1965).

There are at least four jurisdictions which, with varying degrees of forthrightness, have permitted a bystander to recover from a manufacturer. In Piercefield v. Remington Arms Co., 375 Mich. 85, 133 N.W.2d 129 (1965), the plaintiff was injured when the barrel of a shotgun fired by his brother exploded, allegedly as the result of a defective shotgun shell manufactured by the defendant. In reversing the trial court's dismissal of plaintiff's implied warranty count, the Michigan Supreme Court noted that privity was no longer a requirement in Michigan and, in many cases, it would be unjust and totally unrealistic to distinguish between the user and a bystander by saying that one could recover but the other could not. A Connecticut court followed Michigan's lead in Mitchell v. Miller, 26 Conn.Sup. 142, 214 A.2d 694 (Super.Ct.1965). In *Mitchell*, a defective transmission, although the gear shift was placed in "park," permitted a parked car to roll down a slope and kill plaintiff's decedent as he was playing golf. The court, applying strict liability under Section 402A, refused to dismiss the complaint against the manufacturer of the automobile and suggested that foreseeability and reasonable anticipation of injury from a defect were the proper tests. It was recognized that the likelihood of injury from the use of a defective automobile existed not only for the driver or passenger, but for pedestrians as well. "The public policy which protects the user and consumer should also protect the innocent bystander." *Id.* at 150, 214 A.2d at 699.

In another case, an ironworker was standing on a jobsite when steel roof joists which had been installed overhead collapsed, allegedly as the result of a defect. Although the court at one point calls the plaintiff a "plaintiff-user," clearly he was not a user, at least not as that term is used in the Restatement. In refusing to dismiss what the court characterized as a tort action for breach of an implied warranty against the manufacturer of the joists, the court stated that plaintiff was one whose presence the defendant could reasonably anticipate. Lonzrick v. Republic Steel Corp., 6 Ohio St.2d 227, 218 N.E.2d 185 (1966). And in Speed Fasteners, Inc. v. Newsom, 382 F.2d 395 (10th Cir.1967), decided under Oklahoma law, plaintiff's fellow employee was using a ramset to drive studs manufactured by the defendant. A stud broke and struck plaintiff who was permitted to maintain an action for breach of implied warranty. The court found that the absence of privity was no bar to recovery where the implied warranty was imposed by law on the basis of public policy. The injured employee was deemed to stand in the shoes of the employer who had bought the studs from defendant because a manufacturer knows that businesses are carried on by employees who actually use the products furnished by their employers.

Other decisions, although not applicable factually to bystanders, have suggested that the standard for a manufacturer's duty is the foreseeability that the plaintiff will be affected by the product, at least if defectively designed or manufactured. A buyer's injured wife was permitted to recover for personal injuries for breach of an implied warranty because, within the reasonable contemplation of the parties, she might be expected to become a user of her husband's automobile. Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1 (1960). An airline passenger may recover against the manufacturer because his use of the product is within the reasonable contemplation of the manufacturer. Goldberg v. Kollsman Instrument Corp., 12 N.Y.2d 432, 240 N.Y.S.2d 592, 191 N.E.2d 81 (1963). A guest passenger may sue the manufacturer of a defective automobile tire in strict liability because such a person is foreseeably within the area of risk. Hacker v. Rector, 250 F.Supp. 300 (W.D. Mo. 1966) (Missouri law). The manufacturer of a street light fixture was liable to a telephone lineman who received an electric shock when he touched the fixture. The lineman could sue in implied warranty because his presence could be anticipated. Pimm v. Graybar Elec. Co., 27 A.D.2d 309, 278 N.Y.S.2d 913 (4th Dept.1967). A child who was helping his father on the farm could recover in implied warranty from the manufacturer of a tractor which had a defective power-take-off shaft because the presence of farm children while the tractor was being used should have been reasonably anticipated by the defendant. Bengford v. Carlem Corp., Iowa 156 N. W.2d 855 (1968). Also see Rosenau v. City of New Brunswick, 51 N.J. 130, 238 A.2d 169 (1967); Meche v. Farmers Drier & Storage Co., 193 So.2d 807 (La. App.1967); 2 L. Frumer & M. Friedman, Products Liability § 16.04[2] [c] (1966). Thus, a substantial body of authority indicates that a seller or manufacturer owes a duty to those who, according to reasonable foreseeability, will be affected by his product if defectively made or designed.

An alternative theory has been proposed to support bystander recovery. Strict liability, it is argued, should extend to *all* persons regardless of the foreseeability of an effect on them by the defective product. Foreseeability, of course, is a negligence concept. In a negligence action, liability is imposed for those consequences which *by reason of their foreseeability* make the actor's conduct unreasonable. In strict liability, however, the actor's conduct is irrelevant, and it is contended that foreseeability should also be. That is, the exercise of even the highest degree of care is not a defense. The proponents of this approach contend the true policy for strict liability is that the manufacturer is better able to bear the loss than is the injured person. Since bystanders as a class would not generally be better able to bear the loss than users or consumers, it is contended the policy for strict liability should also extend to bystanders. Note, Strict Liability and the Bystander, 64 Colum.L.Rev. 916 (1964). Language from one of the leading cases gives support to this "any person" theory: "[a] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a *human being*." Greenman v. Yuba Power Prod., Inc., 59 Cal.2d 57, 62, 27 Cal. Rptr. 697, 700, 377 P.2d 897, 900, 13 A. L.R.3d 1049 (1963) (dictum) (emphasis added).

The court, however, need not choose between these theories because under either defendant in this case owed a duty to the plaintiff. Plaintiff is within the "any person" test. As to the foreseeability test, this court holds that a person standing approximately 150 feet from a lawn mower utilizing rotary blades is foreseeably within the zone of danger that exists if the product is defective in design or manufacture.

782

To hold otherwise would be to exalt form over substance. There is nothing inherent in the status of bystander that requires the denial of the right to sue the manufacturer in strict liability. Restatement (Second) of Torts, Explanatory Notes § 402A, comment *o* at 356 (1965). It would be unjust to deny plaintiff a recovery because of the purely fortuitous circumstance that he was standing by rather than using. The zone of liability is commensurate with the zone of foreseeable risk. As the Michigan Supreme Court said:

"[t]ake the recent case of Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, as an example of reason for the rule. Would anyone, having read the court's exhaustive opinion, expect a result reasoned differently had, say, the plaintiff been a pedestrian who, when the Henningsen car 'veered sharply to the right and crashed into a highway sign and a brick wall,' suffered crushed legs as the car struck the wall? Take Spence [Spence v. Three Rivers Builders & Masonry Supply, 353 Mich. 120, 90 N.W.2d 873 (1958)] as another example, and assume that the plaintiff there had been a bystander or visitor injured by a crumbling and buckling of some wall of the cottage. Would our result have been different?" Piercefield v. Remington Arms Co., 375 Mich. 85, 99, 133 N.W.2d 129, 135 (1965).

■ Defendant's second ground for dismissal is without merit. Whether the alleged injury was caused by the use of the mower or by a defect is a question of proximate cause to be decided by the trier of the facts. The court cannot say as a matter of law that the alleged defects did not cause plaintiff's alleged injuries. See Elder v. Fisher, 247 Ind. 598, 217 N.E.2d 847 (1966); Phares v. Carr, 122 Ind.App. 597, 106 N.E.2d 242 (1952). The allegations of the complaint are to be considered true for purposes of deciding the questions raised by a motion to dismiss. United States v. New Wrinkle, Inc., 342 U.S. 371, 72 S. Ct. 350, 96 L.Ed. 417 (1952).

■ The third ground advanced for dismissal is that plaintiff incurred the risk of injury. As was the case in Count II (negligence), this is a question for the jury. See Stallings v. Dick, Ind.App., 210 N.E.2d 82 (1965); Thompson v. Pickle, 136 Ind.App. 139, 191 N. E.2d 53 (1963); Maiorino v. Weco Prod. Co., 45 N.J. 570, 214 A.2d 18 (1965); L. Frumer & M. Friedman, Products Liability § 16A[5] [f] (1966); cf. Greeno v. Clark Equip. Co., 237 F.Supp. 427 (N.D.Ind.1965); Restatement (Second) of Torts, Explanatory Notes § 402A, comment *n* at 356 (1965).

Defendant's fourth and fifth grounds for dismissal—that the product was not defective and that he need not give a warning—are closely related. The court has held that defendant owed plaintiff a duty not to put on the market a product in a defective condition unreasonably dangerous to him. It would appear that there are essentially two ways that a manufacturer may discharge this duty. The first is to make a product that is safe. The second is to make a product which may present some danger but in such case to give an *effective* warning of the danger to those who foreseeably will be affected by it. In this connection, a "perfectly" made product may be defective in the legal sense if it is unreasonably dangerous in the absence of a warning. Gherna v. Ford Motor Co., 246 Cal.App.2d 639, 55 Cal.Rptr. 94 (1966); Canifax v. Hercules Powder Co., 237 Cal.App.2d 44, 46 Cal.Rptr. 552 (1965); Crane v. Sears, Roebuck & Co., 218 Cal.App.2d 855, 32 Cal.Rptr. 754 (1963); cf. Indiana Nat'l Bank of Indianapolis v. De Laval Separator Co., 389 F.2d 674 (7th Cir.1968); Eck v. E. I. Du Pont De Nemours & Co., 393 F.2d 197 (7th Cir.1968). The rationale underlying the warning concept is that a person who is injured by a product in spite of his receiving an effective warning about its dangers is deemed to have incurred the risk and consequently may

not recover for his injuries. See Sweeny v. Matthews, 94 Ill.App.2d 6, 236 N.E.2d 439 (1968).

In a slightly different setting, it would appear that the warning need not necessarily be given to the person actually injured in order for the manufacturer to escape liability. It would seem that the warning may be given to a person in a position such that he may reasonably be expected to act so as to prevent the danger from manifesting itself. McCormack v. Hankschraft Co., 278 Minn. 322, 154 N.W.2d 488 (1967) (negligence action); Comstock v. General Motors Corp., 358 Mich. 163, 99 N.W.2d 627, 78 A.L.R.2d 449 (1959) (negligence action); cf. Eck v. E. I. Du Pont De Nemours & Co., 393 F.2d 197 (7th Cir. 1968). Perhaps this goes to proximate cause as much as to "defect."

Thus, defendant's fourth and fifth grounds for dismissal again raise questions of fact: Was the product defective? Plaintiff has alleged that the design and building of the product were deficient in three respects so that the product was defective. In addition, plaintiff has alleged that the dangers due to the defectiveness were not obviated by a warning from the manufacturer-defendant. Plaintiff should have the opportunity to present his evidence to the finders of fact. As defendant suggests, however, there may be situations in which it is difficult or impossible to give an appropriate warning. The required warning, to be sure, must be an adequate and sufficient warning which will apprise the reasonable person of the dangers at hand. Tampa Drug Co. v. Wait, 103 So.2d 603 (Fla.1958); Crane v. Sears, Roebuck & Co., 218 Cal.App.2d 855, 32 Cal.Rptr. 754 (1963). In this case, while it would be admittedly difficult for a manufacturer to warn the general public, it might be that a warning as to safety precautions given to the user of the mower would discharge the duty.

Accordingly, the defendant's motion to dismiss plaintiff's amended complaint is denied.