[Civ. No. 24122. Fourth Dist., Div. One. Dec. 9, 1981.]

RUBY K. INOUYE, as Administratrix, etc., et al., Plaintiffs and Appellants, v.
PACIFIC SOUTHWEST AIRLINES, Defendant and Respondent.

COUNSEL

Friedman, Collard, Poswall & Thompson and Morton L. Friedman for Plaintiffs and Appellants.

Kern, Wooley & Maloney and Ralph S. LaMontagne, Jr., for Defendant and Respondent.

OPINION

BROWN (Gerald), P. J.—Robert Oshiro was killed when a Pacific Southwest Airlines (PSA) jet crashed in San Diego. Ruby Inouye, the

administratrix of Oshiro's estate sued PSA for wrongful death on behalf of his heirs. The case was tried before a jury on the issue of damages only.

■ Inouye contends the court erred in excluding evidence of Oshiro's earning capacity. However, the court did not exclude this evidence. When PSA objected to its introduction, Inouye withdrew it. The court committed no error.

■ Inouye contends the court prejudicially erred in giving the following instruction when the jury was unable to reach a verdict: "It is eminently desirable that if you reasonably can, you agree upon a verdict. For the parties involved, the case is an important one, and its presentation to you has involved expense to both sides. If you fail to agree upon a verdict, the case will have to be tried before another jury selected in the same manner and from the same source as you were chosen. There is no reason to believe that the case will ever be submitted to a jury more competent to decide it. Of course, by pointing out to you the desirability of your reaching a verdict, the Court is not suggesting to any of you that you surrender conscious convictions of what the truth is and of the weight and effect of all the evidence. It does, however, wish to call to your attention that in most cases absolute certainty cannot be expected, and that while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the questions submitted to you with candor and frankness and with proper deference to a regard for the opinion of others.

"While undoubtedly the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to secure decisions by a comparison of views and by arguments among the jurors themselves. It certainly cannot be the law that each juror should not listen with deference to the arguments and with a distrust of that juror's own judgment if that juror finds a large majority of the jury taking a different view of the case. It cannot be that each juror should go to the jury room with a blind determination that the verdict shall represent that juror's opinion of the case at that moment or that that juror should not listen to the arguments of others who are equally honest and intelligent as that juror.

"It is your duty after full deliberation and consideration of all the evidence to agree upon a verdict, if you can do so, without violating your individual judgment and your conscience.

"Now, in light of this instruction, I'm going to ask you to go back and make one more endeavor. Discuss the case a little more. Keep in mind that there's no reason to believe that the case will ever be submitted to a jury more competent to decide it, and see if you can arrive at a verdict that is the true verdict in the opinion of nine or more of you."

This type of instruction was disapproved for use in criminal trials by the Supreme Court in *People v. Gainer* (1977) 19 Cal.3d 835 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73]. Inouye contends it should be banned in civil trials also.

■ PSA claims Inouye waived this issue by offering to stipulate to the instruction and not objecting when it was given. However, Inouye withdrew her offer to stipulate when PSA refused to stipulate, stating she did not "want to be in any worse position than [PSA] by any acquiescence." This was sufficient to preserve the issue for appeal.

■ The instruction says if the jury did not reach a verdict, the case would have to be retried. It also says the jurors should listen with deference to the arguments and distrust their own judgment if they find a large majority taking a different view of the case. In a criminal case the mere presence of these remarks in a jury instruction is error (*People v. Gainer, supra*, 19 Cal.3d 835, 852). However, civil cases are subject to different considerations; the special protections given criminal defendants are absent. The plaintiff's burden of proof is lower and civil verdicts need not be unanimous. A party can be called to testify against himself. It would be unrealistic to presume there has been a miscarriage of justice in a civil case whenever the above remarks appear in a charge to the jury. Rather, any coercive effect should be determined by reading the instruction as a whole in light of the surrounding circumstances. Only when the instruction has coerced the jurors into surrendering their conscientious convictions in order to reach agreement should the verdict be overturned. (See, e.g., *Stevens v. Travelers Ins. Co.* (Tex. 1978) 563 S.W.2d 223; see also cases cited in Annot. (1972) 41 A.L.R.3d 845; Annot. (1971) 38 A.L.R.3d 1281.)

Here the circumstances were not coercive. The court did not keep the jury in the jury room for an unreasonably long time after reading the

instruction. The jury reached agreement in 15 minutes. The court then polled the jury. Nine jurors said the verdict was theirs without hesitation.

Moreover, examining the instruction line by line (*Crane* v. *Sears, Roebuck & Co.* (1963) 218 Cal.App.2d 855, 860-861 [32 Cal.Rptr. 754]) it is clear the charge itself was not coercive. The court told the jury they should reach a verdict if they reasonably could; they should not surrender their conscious convictions of the truth and the weight of the evidence; each juror must decide the case for himself and not merely acquiesce in the conclusion of his fellows; the verdict should represent the opinion of each individual juror; and in reaching a verdict each juror should not violate his individual judgment and conscience. These remarks clearly outweighed any offensive portions of the charge. The court did not err in giving the challenged instruction.

Judgment affirmed.

Cologne, J., and Work, J., concurred.