# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**898**

**CA 13-02211**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

LUZ M. HOUSTON, AS ADMINISTRATRIX OF THE ESTATE
OF ROBERT M. HOUSTON, SR., DECEASED,
PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MCNEILUS TRUCK AND MANUFACTURING, INC., ET AL.,
DEFENDANTS,
AND H LEASING COMPANY, LLC, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

MARCUS & CINELLI, LLP, WILLIAMSVILLE (DAVID PAUL MARCUS OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered December 12, 2013. The order, insofar as appealed from, denied that part of the motion of defendant H Leasing Company, LLC, for summary judgment dismissing plaintiff's negligence cause of action against it.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action against various defendants, seeking damages arising from the death of decedent during a garbage truck accident. As relevant to this appeal, plaintiff sought damages for negligence against defendant H Leasing Company, LLC (H Leasing), which owned the truck and leased it to decedent's employer, which was H Leasing's corporate sibling. H Leasing moved for summary judgment dismissing the complaint and cross claims against it and, after initially reserving decision on that part of the motion with respect to the negligence cause of action, Supreme Court denied that part of the motion. We affirm.

As a general matter, a finance lessor such as H Leasing that never possesses a product due to its direct shipment to the lessee—and thus has no ability to inspect the product for defects—may not be liable in negligence for failure to inspect or warn of a dangerous condition (*see Pimm v Graybar Elec. Co.*, 27 AD2d 309, 311; *see also Gonzalez v Rutherford Corp.*, 881 F Supp 829, 847). Nevertheless, it is well settled that a party seeking summary judgment bears "the

initial burden 'to make a prima facie showing of entitlement to judgment as a matter of law by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars' " (*Reisch v Amadori Constr. Co.*, 273 AD2d 855, 857; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  Here, in the amended complaint as amplified by the bill of particulars, plaintiff alleged that H Leasing, "*by its agents*, servants and/or employees," was negligent in, inter alia, failing to inspect the garbage truck for any defects before leasing it; failing to place a warning or notice of dangerous condition on the garbage truck; failing to inspect the garbage truck to determine if all mechanical equipment and devices were safe and functioning properly; and failing to inspect the garbage truck as to the proper method for using the cable winch (emphasis added).  Thus, to meet its initial burden on the motion, H Leasing was required to refute, inter alia, the allegation that it was liable in negligence for its agents' failure to inspect and warn.  We conclude that H Leasing did not meet that burden.

" 'When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination . . . and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact' " (*Esposito v Wright*, 28 AD3d 1142, 1143; *see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404, *rearg denied* 3 NY2d 941).  Here, the lease for the garbage truck, which was submitted in support of H Leasing's motion for summary judgment, stated in relevant part that H Leasing appointed decedent's employer as its agent for purposes of inspection and acceptance of the garbage truck from the supplier.  Moreover, a vice-president of H Leasing, who was decedent's employer, acknowledged at his deposition, that the lessees inspected the equipment upon delivery in their capacities as H Leasing's agents as "laid out in the lease agreement," and that deposition testimony was also submitted in support of H Leasing's motion.  Viewing those submissions in the light most favorable to plaintiff and affording her the benefit of every reasonable inference, we conclude that H Leasing's own submissions raise a triable issue of fact whether it was liable in negligence for the failure of one of its agents, decedent's employer, to inspect and warn of a dangerous condition.  Despite H Leasing's contentions that the lessee is appointed the lessor's agent solely for purposes of inspecting and accepting delivery of equipment in order to execute a Certificate of Acceptance and that nothing in the lease or the record suggests that the garbage truck was inspected or evaluated for design defects, we conclude that the language of the lease presents issues of fact with respect to the nature and extent of the principal-agent relationship regarding the duty to inspect and warn.  Thus, the court properly denied that part of H Leasing's motion for summary judgment dismissing the negligence cause of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except SMITH, J.P., and LINDLEY, J., who dissent and vote to reverse the order insofar as appealed from in accordance with the following Memorandum:  We respectfully dissent because we agree

with defendant H Leasing Company, LLC (H Leasing) that Supreme Court erred in denying that part of its motion seeking summary judgment dismissing the negligence cause of action and all related cross claims against it.  We would therefore reverse the order insofar as appealed from.  It is well settled that a defendant that has no ability to inspect an item for defects may not be held liable for negligently inspecting, or failing to inspect, the item (see *Peris v Western Regional Off-Track Betting Corp.*, 255 AD2d 899, 900; *Gonzalez v Rutherford Corp*., 881 F Supp 829, 847; *Bickram v Case I.H.*, 712 F Supp 18, 22-23).  In support of its motion for summary judgment on this issue, H Leasing submitted evidence establishing that another defendant arranged to purchase the item, a garbage truck, directly from the manufacturer, and that H Leasing never possessed the vehicle.  "[W]e do not perceive how [H Leasing] could be held liable for the breach of such a duty when, by the purchaser's own specification, the . . . product was routed from a reputable manufacturer . . . directly to the buyer so as to preclude the opportunity for any inspection.  By its selection of the [product, including specifying the manner of its construction,] and by its request for direct shipment, the purchaser took from [H Leasing] the power to make any choice in the item furnished and waived any inspection by it.  In these circumstances, there could be no recovery against [H Leasing] for its failure to inspect the" truck (*Pimm v Graybar Elec. Co.*, 27 AD2d 309, 311; *see Peris*, 255 AD2d at 900; *Gonzalez*, 881 F Supp at 847).  Inasmuch as H Leasing established as a matter of law that it had no duty or ability to inspect the truck or warn of any defects in the truck because it never had the ability to possess or inspect it, it may not be held liable in negligence.

Contrary to the majority's conclusion, the evidence submitted by H Leasing was sufficient to eliminate all questions of fact (see *generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Unlike the majority, we conclude that plaintiff failed to raise in the motion court her present contention that the truck's lessee was the agent of H Leasing and thus that H Leasing may be held liable in negligence because the contract provided for inspections by that lessee.  Consequently, that contention is not before us on appeal (see *Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  Plaintiff's contention in this Court highlights the reason for the *Ciesinski* rule, to wit, "[i]t is well settled that '[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance' " (*id.; see Telaro v Telaro*, 25 NY2d 433, 439, *rearg denied* 26 NY2d 751; *Rew v County of Niagara*, 115 AD3d 1316, 1317; *Ring v Jones*, 13 AD3d 1078, 1079).  Plaintiff contends for the first time on appeal that H Leasing failed to eliminate a triable issue of fact whether it had the ability to inspect the truck, and thus may be held liable under a negligence theory, because a boilerplate provision in the truck's lease appoints the lessee as the agent of H Leasing to inspect the subject truck, "to the extent [that the truck] has not been previously inspected pursuant to the Existing Agreement."  By its terms, the lease upon which plaintiff relies became effective in 2007.  Evidence submitted in support of H Leasing's motion, however, established that the truck was

purchased by invoice dated March 23, 2001, and delivery was confirmed as of May 24, 2001. There is no evidence establishing whether a similar provision may have existed when the truck was delivered. Thus, due to plaintiff's failure to raise her present contention in the motion court, H Leasing was deprived of the ability to submit " 'proof . . . to refute or overcome' " that contention (*Ciesinski*, 202 AD2d at 985).

More importantly, due to the date on which the truck was delivered and the date on which the lease became applicable, there is no issue of fact that would preclude summary judgment. H Leasing submitted evidence establishing that it had no ability to inspect the truck at any time, and there is no lease, purchase order, or other document indicating that it had designated any other corporate entity as its agent for inspection purposes at the time of the purchase. Consequently, the issue of fact upon which the majority relies does not exist.

Entered: January 2, 2015                              Frances E. Cafarell
                                                      Clerk of the Court