## THOMPSON *v.* PICKLE.

[No. 19,520. Filed June 12, 1963. Rehearing denied August 12, 1963. Transfer denied May 12, 1964.]

*Cholis & Cholis,* of South Bend, *Kizer & Neu* and *Marshall F. Kizer,* of Plymouth, for appellant.

*Harry S. Taylor* and *Taylor & Allen,* of South Bend, for appellees.

HUNTER, J.—This is a consolidated appeal of two separate actions arising out of the same automobile collision and injuries to the same person. One action

was by appellee, Mary Lou Pickle, a minor, for her injuries, and the other action was by appellee, Dairus Pickle, for medical, hospital and loss of earnings resulting from the injury of her daughter, Mary Lou Pickle. Both actions were consolidated for trial with the same instructions being given in regard to each case, but with separate verdicts and separate judgments rendered on such verdicts. Verdicts were returned in favor of the appellee in each case and interrogatories were answered by the jury applicable to the evidence in both cases. The appellant contends that the court should have directed a verdict in favor of appellant (defendant below) in each of the cases and should have entered judgment on the interrogatories notwithstanding the verdicts and that a new trial should have been granted in each of the cases because of error committed during the trial.

Appellant waived grounds 1, 6, 7, 8, 9, 10, 12, 13 and 14 of his motion for new trial by his failure to argue these in his brief. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551. The rest of appellant's argument can be consolidated into three major fields:

(1) Plaintiff had assumed the risk of defendant's intoxication.
(2) Error by the trial court in the giving or refusing of certain instructions.
(3) Verdict is excessive

which will be considered as so grouped.

The evidence when viewed in a light most favorable to the appellee is:

Mary Lou Pickle, the plaintiff-appellee, Jean Hollars, and Alice Epperson were picked up at a restaurant in South Bend by Glen Thompson, the defendant-

appellant, and two of his friends about 8:00 P.M., September 18, 1958. The girls were 17, 18 and 17 years old respectively at the time of the accident and Thompson was 31. These six people rode around South Bend with Thompson driving and then drove to the town of Roseland which is about three miles north of South Bend.

They arrived at the home of Mrs. Barbara Peake in Roseland at about 10:10 P.M. Mrs. Peake and two other persons were in the house when they arrived. The plaintiff had never met any of these three persons nor had she been at this house prior to this time. The defendant took a case of beer from his car into the house. The defendant drank beer and mixed drinks for the next 2—2 1/2 hours. The jury in answer to interrogatory #6 found that the defendant was under the influence of the intoxicants to an extent that affected his normal driving ability to an appreciable degree. Sometime between 12:00 and 1:00 A.M., Mrs. Peake asked the six of them to leave as she wanted to go to bed.

The six got back into the car being driven by the defendant and headed back for South Bend. On the way back the defendant traveled at a high rate of speed estimated to be up to 85 mph. He was asked to slow down. His tires squealed as he went around corners and curves, he went through stop signs without stopping, and he would weave back and forth across the road. As he got back to South Bend he lost control of the car; the car then skidded 380 feet, hit a tree and spun around before stopping.

An officer who investigated the accident estimated that his speed was 70 mph. in a 30 mph. zone at the time he lost control of the auto. He also testified that

the defendant's breath smelled of alcoholic beverage and that the defendant made the statement that he had been "at a hell of a party".

Later the defendant pleaded guilty to reckless driving charges in the South Bend City Court.

The alleged errors that the verdict is contrary to law, that the court erred in refusing to direct a verdict for appellant, and that the court erred in overruling appellant's motion for judgment on the interrogatories notwithstanding the verdicts, all present the single question of whether the plaintiff appellee is precluded from recovery because she assumed the risk of the defendant's intoxication.

The standard for assumption of risk as established by *Pittsburgh, etc., R. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 107 N. E. 315 is:

"Where one voluntarily and knowingly places himself in a certain environment, or undertakes to use a certain instrumentality, and as a consequence receives an injury, his right to recover therefor may be defeated. . . ."

Obviously, appellant's contention will rest on whether the act of Mary Lou Pickle in getting into the automobile for the trip back to town was a voluntary placing of herself in a certain environment, to wit: the car of the intoxicated defendant.

In *Ridgway* v. *Yenny; Ridgway* v. *Lombardo* (1944), 223 Ind. 16, 57 N. E. 2d 581, the Supreme Court considered what intent was needed to constitute a *voluntary* act. This case involved a situation where the defendant was speeding and weaving in and out of traffic on slick snow covered streets in foggy weather just outside of Ft. Wayne. After driving for a time in such a manner, the defendant pulled off on the berm so

that ice and sleet that had formed on the windshield could be cleaned off. The court said that the failure of the plaintiff to get out of the car at this time did not necessarily constitute a *voluntary* assumption of risk, as the plaintiff was in an unfamiliar area and it would be quite possible that she would encounter even a greater danger by getting out of the car. This was a question on which reasonable men may differ, therefore it was properly left for the jury.

Although said case did not involve the factual question of voluntary assumption of risk by getting into a car driven by a driver under the influence of intoxicating beverages yet, we think the principle announced therein is controlling. In both the *Ridgway* case and the case at bar the defendant placed the plaintiff in a position where the latter encountered danger notwithstanding which course of action was taken. In the *Ridgway* case the alternatives offered were to continue to ride with an obviously reckless driver or walk down a wet, fog shrouded highway. In the case at bar the alternatives offered the seventeen (17) year old appellee were to enter the automobile operated by appellant while in an apparent intoxicated state or to refuse to enter the car and be thereby compelled to remain in unfamiliar surroundings in the dead of night in the presence of strangers. The doctrine of assumption of risk involves a *voluntary* choice of the individual between a course of action known to be dangerous and one that is not dangerous. *Ridgway* v. *Yenny; Ridgway* v. *Lombardo, supra; Bohnsack* v. *Driftmier* (1952), 243 Iowa 383, 52 N. W. 2d 79. Whether or not in the present action the appellee's opportunity to remain out of the appellant's car presented her with an adequate alternative is a question upon which reasonable men may differ. Therefore we

are inclined to believe that the question of voluntary assumption of risk was a fact question for the jury to determine from all of the evidence and the law on the issue as given in the court's instructions. The jury having found for the appellees upon the evidence we cannot say *as a matter of law* such evidence renders imperative an opposite result.

The evidence shows that the jury could have found that while intoxicated, the defendant drove his car in a weaving reckless manner and while driving 70 mph. in a 30 mph. zone, he had the accident. This is ample evidence to support a finding of wilful or wanton misconduct. *Wyatt* v. *Thompson, etc., et al.* (1961), 132 Ind. App. 261, 175 N. E. 2d 44; *Brown* v. *Saucerman* (1957), 237 Ind. 598, 145 N. E. 2d 898; *Hubble* v. *Brown* (1949), 227 Ind. 202, 84 N. E. 2d 891.

The trial judge correctly refused to direct a verdict for the defendant or grant the defendant's motion for a judgment on the interrogatories notwithstanding the verdict.

Appellant also argues that error was committed by the trial court in giving appellee's tendered instruction #6, and in refusing appellant's instruction #9.

Appellee's tendered instruction #6 as given by the court, reads:

"If you find from a fair preponderance of the evidence that Glen Thompson was driving his motor vehicle at a time when his driving ability was, or speedily would be, impaired by intoxicants, I instruct you that such conduct is evidence of wilful or wanton disregard of the rights of his guests in the automobile; if other facts in evidence show from his method of driving that his driving ability was so impaired."

Appellant objects to this instruction as being a misstatement of the law. Admittedly, this instruction is ambiguous as it is difficult to decide whether it is stating that intoxication is

(1) a partial element of wanton or wilful or
(2) wanton and wilful misconduct in and of itself.

Appellee refers us to appellant's tendered instruction #3 which was given and reads as follows:

"I instruct you that if you find from the evidence in this case that the defendant Glen Leroy Thompson, was under the influence of intoxicating liquor at the time of the accident in question, that fact in and of itself, if you so find, is not sufficient to constitute wilful or wanton misconduct on the part of the defendant."

This instruction would most certainly clear up any ambiguity of appellee's instruction #6. As reading the two together there can be little doubt that appellee's instruction #6 was meant in the first alternative above which is a correct statement of the law. *Hubble* v. *Brown, supra.* Therefore, any error in the questioned instruction was cured by appellant's instruction #3 as the rule is, with the exception of mandatory instructions, an ambiguity, may be cured by another instruction if the two instructions are not inconsistent. *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, 127 N. E. 2d 130 and cases cited at 579.

Appellant's tendered instruction #9 which was refused by the court read:

"I instruct you that if you find from the evidence in this case that the plaintiff entered the automobile of the defendant at a time when the plaintiff knew that the defendant was under the influence of intoxicating liquor and about to drive his automobile while in such condition, then I instruct

you that the plaintiff, by so entering said automobile knowing of defendant's condition, assumed the risk of riding with said defendant, and if injured while so riding with said defendant, the plaintiff is not entitled to recover for said injuries."

This does not adequately express the law as it leaves out the element of whether the assumption of risk was voluntary as discussed above. The law on the element of voluntary assumption of risk is more accurately stated in appellant's given instruction #18 which read:

"I instruct you that if you find from the evidence in this case that the defendant, Glenn L. Thompson, was under the influence of intoxicating liquor at any time that the plaintiff, Mary Lou Colley, alias Mary Lou Pickle, entered his automobile while the said Glenn L. Thompson was driving, and if you further find that the said Mary Lou Colley, alias Mary Lou Pickle, knew at the time that she entered defendant's car that he was under the influence of intoxicating liquor, and if you further find that the said Mary Lou Colley, alias Mary Lou Pickle, had a reasonable opportunity to abandon her riding with said defendant, and that the said Mary Lou Colley, alias Mary Lou Pickle, did not make any reasonable effort to secure other means of transportation but on the contrary entered defendant's automobile without protest, then I instruct you that the said Mary Lou Colley, alias Mary Lou Pickle, incurred the risk of riding with said defendant, and if injured while so riding with said defendant, the plaintiff is not entitled to recover for her said injuries."

This instruction not only is in itself explanatory of how this element of voluntary assumption of risk has been omitted in appellant's tendered instruction #9, but it also is probably more favorable to the appellant than the circumstances of this case would prescribe.

Appellant's final contention is that the damages recovered by Dairus Pickle for medical expenses and the loss of earnings of Mary Lou Pickle are excessive. There is no citation of authority in support of this contention nor is there any citation in any part of appellant's argument dealing with excessive damages. Therefore, alleged errors are waived by the failure to support the argument by authorities as required by Rule 2-17 (e) and (f) Rules of the Supreme Court. *Siebeking et al.* v. *Ford,. Admx., etc.* (1958), 128 Ind. App. 475, 148 N. E. 2d 194.

Affirmed.

Mote, C. J., Carson, P. J., Clements, Cooper, Kelley, Pfaff and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 53.