## FELICE *v.* WEINMAN.

### HAROUTUNIAN *v.* SAME.

1. INSURANCE—PERSONAL INJURY ACTION—REFERENCE TO COVERAGE.
    The presentation of the fact that any party to a personal injury action is covered by insurance whether by direct or indirect questioning of witnesses or by statement in the presence of the jury constitutes reversible error, where the point has been raised and saved for review, the statutory prohibition having been adopted by the Supreme Court (CLS 1956, § 500.3030).

2. TRIAL—CONSOLIDATION FOR TRIAL—SEPARATE ACTIONS—REMAND.
    Actions by plaintiffs, driver and passenger of car which was struck from the rear by defendant's car, and which actions were commenced separately but ordered, over objection, con-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 480.

solidated for trial, are ordered retried separately on remand, where reversible error was committed during trial and it is claimed the plaintiffs have conspired to amerce the defendant's insurer.

Appeal from Oakland; Adams (Clark J.), J.  Submitted December 5, 1963.  (Calendar Nos. 123, 124, Docket Nos. 49,668, 49,669.)  Decided February 3, 1964.

Case by Ernest Felice against Joseph Weinman for personal injuries sustained in automobile collision.  Similar action by Vartkes Haroutunian. Cases consolidated for trial.  Verdicts and judgments for plaintiffs.  Plaintiffs appeal claiming error in consolidation and claiming other errors resulted in inadequate verdicts.  Reversed and remanded for separate trials.

*Renne, Peres, Powell & Carr,* for plaintiffs.

*Howlett, Hartman & Beier (Kenneth B. McConnell,* of counsel), for defendant.

BLACK, J.  September 28, 1960, a car driven by plaintiff Felice and occupied by plaintiff Haroutunian was struck from the rear by a car owned and driven by defendant Weinman.  Alleging that each had suffered personal injury, Felice and Haroutunian sued Weinman separately.  Over objection of plaintiffs, the 2 suits were ordered consolidated for trial.  The jury returned a verdict for plaintiff Felice in the sum of $451 and a verdict for plaintiff Haroutunian in the sum of $601.  Judgments upon such verdicts were entered.  Plaintiffs appeal.

During the trial counsel for defendant openly injected these questions: (a) Whether 1 of the plaintiffs had "received insurance benefits as a result of

this accident" and (b) Whether on a collateral occasion 1 of the plaintiffs had presented a false claim under a certain policy of fire insurance. Finally, during argument to the jury, counsel for defendant told the jury that he represented "the Auto Club." Four of the jurors, as shown by answered questionnaires on file and statement in the record by the trial judge, "had Auto Club insurance."

No matter how any counsel may dress up his excuse for having brought forth—directly or indirectly by questioning of witnesses or by statement in the presence of the jury—the fact that an invisible defendant stands behind 1 or the other or both of the parties at bar, he must be judged guilty of having violated a standing rule of court this Court is trying to enforce. By this time surely, counsel should know better. For amplification, see *Darr* v. *Buckley,* 355 Mich 392.

The ban of the rule is written in simple English. It applies to plaintiffs and defendants—and to their respective counsel—with equal force. Violation thereof places counsel in position where, the point having been timely raised and saved, he must by persuasive showing overcome a presumption that what occurred, whether intentional or otherwise, was prejudicially improper. There is no such showing here, nor could there be. It follows that plaintiffs' second motion for mistrial, made prior to return of verdicts by the jury, should—then and there—have been granted.

*To conclude:* The question before this Court, distinguished from court and jury below, is not whether the 2 plaintiffs have conspired together to amerce the defendant's insurer. That may or may not be true.[1] The question instead is whether the record

---

[1] If it is, this or any insurer, thus marked for mulct, is possessed of ample arms of defense and may employ them overpoweringly without breaking rules of court.

discloses reversible error, the point or points having been raised and saved for review. We hold that this record does so disclose.

The Court-adopted rule[2] reads (CLS 1956, § 500.-3030 [Stat Ann 1957 Rev § 24.13030]):

"Sec. 3030. In the original action brought by the injured person, or his or her personal representative in case death results from the accident, as mentioned in section 3006, the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial."

Reversed and remanded for retrial. Costs to plaintiffs. These particular cases should, on remand, be tried separately. See *Jackson* v. *Trogan,* 364 Mich 148, and *Vernan* v. *Gordon,* 365 Mich 21.

KAVANAGH, C. J., and DETHMERS and SOURIS, JJ., concurred with BLACK, J.

KELLY, SMITH, and O'HARA, JJ., concurred in result.

ADAMS, J., took no part in the decision of this case.

2 See Court Rule No 1, § 3 (1945); GCR 1963, 16; *Love* v. *Wilson,* 346 Mich 327; *Darr* v. *Buckley,* 355 Mich 392.—REPORTER.