## BENMARK *v.* STEFFEN.

1. NEW TRIAL—MISTRIAL—REMAND WITH INSTRUCTIONS.

    A new trial is granted when case is so prejudicially tried by counsel on both sides through bitter accusations of aggression so as to deny respective litigants their constitutional right to a fair and impartial verdict, reversal of judgment for plaintiff being accompanied with instructions designed to insure against any repetition of the mistried posture of the poorly disciplined proceeding.

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial § 452 *et seq.*
[2]  53 Am Jur, Trial §§ 495, 496, 499.
[3, 4]  38 Am Jur, Negligence § 343.
    Admissibility of evidence, and propriety and effect of questions, statements, comments, et cetera, tending to show that defendant in personal injury or death action carries liability insurance.  56 ALR 1418, 74 ALR 849, 95 ALR 388, 105 ALR 1319.
[5]  5 Am Jur 2d, Appeal and Error § 962 *et seq.*
[6]  5 Am Jur 2d, Appeal and Error § 1011.

2. TRIAL—DECEPTION OF JURY—PRESENCE OF WIDOW AT DEFENSE COUNSEL'S TABLE—PARTIES.

Reversible error was committed by trial court in permitting widow of defendant executor's decedent, who was presented as a seemingly interested defendant, to remain at defense counsel's table in front of jury over objection of plaintiff's counsel when it became obvious she had no interest in the case, financial or otherwise, and defendant, an attorney, remained in the courtroom with the spectators.

3. SAME—MISTRIAL—PERSONAL INJURY ACTION—INSURANCE.

The failure of the trial court to grant a mistrial of a personal injury case when it was disclosed that widow of defendant executor's decedent was masquerading as a party defendant and permitted to sit at defense counsel's table before the jury did not warrant plaintiff's counsel, by words, proof, and argument, to advise jury that the real defendant was an insurance company (CLS 1961, § 500.3030).

4. SAME—INSURANCE—PERSONAL INJURY ACTION.

It is a court-adopted rule of trial procedure that any reference to an insurer or to the question of carrying insurance may not be made in the course of a trial in a personal injury case (CLS 1961, § 500.3030).

5. SAME—MISTRIAL—IMMEDIATE RETRIAL.

A case which must be tried again by virtue of mistrial having occurred should be retried immediately, and started as soon as jurors having no part in the voir dire on the preceding occasion are available.

6. COSTS—MISTRIAL—PREJUDICIAL MISCONDUCT OF TRIAL COUNSEL.

No costs, incurred either upon the trial below or upon review by the Supreme Court, are allowed, where reversal is had on account of prejudicial misconduct of both counsel before the jury, on account of error of the trial judge in failing to discipline the trial properly and in refusing to grant defendant's motion for a mistrial because of injection, by plaintiff's counsel of reference to insurance, plaintiff to recover costs incurred on account of mistrial only if she recovers judgment upon new trial (CLS 1961, § 500.3030).

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted October 7, 1964. (Calendar No. 18, Docket No. 49,997.) Decided January 4, 1965.

Case by Dora Benmark against Edwin F. Steffen, executor of the estate of Burr H. Thompson, deceased, for personal injuries sustained in automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*van Benschoten & van Benschoten* (*Duane S. van Benschoten,* of counsel), for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock* (*William P. Cooney* and *Charles T. McGorisk,* of counsel), for defendant.

PER CURIAM. This is a suit for personal injuries caused by an intersectional collision of 2 automobiles. One of the two involved motorists, Burr H. Thompson, died of other cause subsequent to the time of the collision. His executor, Edwin F. Steffen, is the legal defendant, a fact of some importance as will presently appear.

Trial to court and jury resulted in verdict and judgment for the plaintiff in the sum of $50,000. The defendant executor has appealed.

The proofs presented clear issues of fact, for the jury, with respect to actionable negligence as charged by plaintiff and contributory negligence as charged by defendant. Sadly though, those issues were prejudicially tried when both counsel, each bitterly accusing the other of repeated aggression as justification of his own aggression, succeeded together in depriving the two litigants of their constitutional right to a fair and impartial jury verdict. We must reverse, with instructions designed to insure against any repetition of the mistried posture of this poorly disciplined legal proceeding.

The trial judge could and should have foreseen today's result when a compound of eruptions followed his early failure to forcefully set right, before the

jury, defense counsel's fraudulent introduction of the widow of the defendant's decedent as the seemingly interested defendant in the case.* That the widow had been brought in for jury deception became plain when trial counsel was permitted to evade the trial judge's request for comment "as to why Mrs. Thompson is here." Such conclusion became the more plain when, in the course of oral argument here, appellant's counsel found himself unable to answer, other than evasively, a like and more pointed question.

Turning now to the equally reprehensible conduct of plaintiff's counsel. Instead of moving forcefully for an order of mistrial when Mrs. Thompson was permitted to remain at the counsel table as a masquerading defendant, plaintiff's counsel seized the situation as a warrant *carte blanche* for words, proof, and argument calculated—by not too well concealed indirection—to advise the jury that the real defendant was the Michigan Farm Bureau Insurance Company, rather than the widow of the sued defendant. Such counterblows succeeded too well and too much to call the contest a draw or fair standoff. Granting that the first of the two aggressors got the worst of it, the result nevertheless was that neither the plaintiff nor the defendant received or could have received that to which both were entitled upon the oath of a duly chosen jury, a fair and unprejudiced verdict rendered upon evidence devoted to the triable issues only.

To the members of the trial bench and bar, our treatment of such highly improper conduct of counsel is due to be of more than passing interest and

---

* Mrs. Thompson, the widow, was seated at the defense table and was presented by defense counsel as the apparent defendant, when the trial started. It was shown that she had no interest in the case, financial or otherwise, and that the defendant, himself a lawyer, remained in the courtroom with the spectators. Detailed testimony will be quoted later.

concern. The circumstances considered, it is deemed desirable that certain specific occurrences in the court below speak by full quotation, rather than by judicial narration. We proceed accordingly. What follows now occurred at the very beginning of trial, immediately before the *voir dire,* in the presence of the veniremen.

"*The Court:* I think we will proceed now to introduce to you some of the principals involved in this trial.

"At the plaintiff's counsel table seated nearest to the jury box is Mr. Duane van Benschoten.

"Mr. van Benschoten is a local lawyer associated in the practice of law in this city with his brother, Mr. Harvey van Benschoten and Mr. Maurice van Benschoten.

"Next to plaintiff's counsel in this case is the plaintiff, Dora Benmark. Would you stand up, please?

"At the defense counsel table seated nearest to the jury box is one of the attorneys for the defendant, Mr. James K. Brooker.

"Mr. Brooker is associated in the practice of law in the law firm of Smith, Brooker & Harvey, along with Mr. Carl Smith, Sr., Mr. R. James Harvey, Mr. Carl H. Smith, Jr., Mr. Webster Cook, Mr. James W. Tartar, Mr. Albert C. Hicks, and there was one more in the paper last night—

"*Mr. Brooker:* That's not yet, not yet.

"*The Court:* Oh, all right, I am sorry.

"Will you help me introduce—

"*Mr. Brooker:* This is Mrs. Thompson, the widow of the deceased.

"*The Court:* Mrs. Burr Thompson. Would you stand up, please and—

"*Mr. Duane van Benschoten:* Your Honor, I understand she is not a party to this case. I don't understand why she is present, in view of the file; she has no interest in this case.

"*The Court:* The Court is not required to comment on that at this time. She is here and she may remain as far as I know."

Temperatures rose steadily thereafter. Unseemly torts and retorts followed. Plaintiff's counsel finally called to the stand defendant Steffen. Such was done in the presence of the jury. Counsel drew from Mr. Steffen that he, Steffen, was counsel for the Michigan Farm Bureau Insurance Company and that the decedent, Mr. Thompson, also had been connected with the same company in some capacity of agency or employment. Then came the following:

"*Q.* And then you became appointed as executor?

"*A.* I filed a petition and it was granted.

"*Q.* And in what county was that?

"*A.* That was in Ingham County.

"*Q.* Now, being a lawyer, you know that as executor you have the authority over his estate, you are the one in charge of his estate?

"*A.* Well, I had charge of the estate, that I took possession of.

"*Q.* And then you are the one that represents the estate?

"*A.* I had charge of the estate.

"*Q.* In this lawsuit right here, you are the one that has to represent the estate?

"*A.* I have been made a party.

"*Q.* Yes. Now, you don't sit at counsel table with Mr. Brooker, do you?

"*A.* I have not.

"*Q.* And you have not sat there through this trial as a party to this lawsuit?

"*A.* I have not, I have been sitting back there.

"*Q.* But Mrs. Thompson is sitting at the counsel table throughout this trial?

"*A.* Yes.

"*Q.* Now, this is a suit against this estate, isn't it?

"*A.* The estate has been made a party to the suit.

"*Q.* Now, can you tell this jury so that it will be clear, that Mrs. Thompson will have no interest whatsoever in a judgment rendered in this case?

"*Mr. Brooker:* I will object to that question, if the court please, as being entirely immaterial.

"*Mr. van Benschoten:* Your Honor, I don't think it is immaterial.

"I think they have said something with a picture that isn't true and I will challenge them to show that Mrs. Thompson will be affected by any judgment issued by this jury or this court.

"*Mr. Brooker:* That is not an issue in this case.

"*The Court:* No. I think that is not.

"*Mr. van Benschoten:* Then I ask—

"*The Court:* It is not a matter at issue here.

"*Mr. van Benschoten:* It is not at issue, that's the ruling, it is improper, all right.

"*Q.* Does the inventory in this estate, now will you go to the inventory—in other words, this is a suit against the estate, isn't it, this is a suit against the estate?

"*A.* Well, I understood from your statement to the jury, sir, that was the case.

"*Q.* Yes. Well, you know it is. What were the inventoried assets of this estate—

"*Mr. Brooker:* I object to the question.

"*Q.* —That this suit was placed on.

"*Mr. Brooker:* I object to that as being entirely incompetent, and immaterial, and being no part of this lawsuit.

"*Mr. van Benschoten:* We offer to prove, Your Honor, that this inventory in this estate, this suit is not against Mrs. Thompson, it is against the estate, despite the picture they have painted. We want to show, Your Honor, that the inventory in this estate is a very small one and—

"*Mr. Brooker:* I object to all of those statements in the presence of the jury.

"*Mr. van Benschoten:* All right. I want to make a separate record."

Then came the making of a long and heated separate record. Ultimately defense counsel moved at chambers for a mistrial. Plaintiff's counsel countered with a motion that the court order Mrs. Thompson to refrain from apparent participation within the rail. Here are the motions at chambers and their disposition:

"*Mr. Brooker*: If the Court please, before the jury comes in, the defendant would like to move for a mistrial of this matter for the reason that the counsel for the plaintiff has injected the matter of insurance into the record insofar as the present witness through his employment with the Farm Bureau Insurance Company, and has referred to insurance in such a way that we believe that a jury will be prejudiced in this matter and recognizes that insurance is involved in this case and in addition to that, he is bringing the question in front of this jury with reference to the financial condition of the estate of the deceased, which we think is prejudicial and we should be granted a new trial.

"*Mr. van Benschoten*: Your Honor, I always think that it is proper to show what the defendant did, as part of his occupation. Certainly they can't claim that his occupation should be maintained a secret because of the company he is working for.

"There was no objection to any questions as to where he worked, the questions all went in without objection, and if counsel had any real objection to the matter, I think he waived it.

"Now, as far as insurance in this case, they have done more to create the impression and the consequences that occur here than anybody else.

"We have already gone into that and I am not going to go into it again but the court has ruled and we are going to have to comply with that ruling the court has made in this thing.

"I also want to make a motion, too, and that is, I wish to move at this time that since Mrs. Thompson, who is not an interested party in this case, that her

continued presence at counsel table should be discontinued because it creates a situation where this matter is constantly brought before the attention of the jury.

"Now, I think I have got a right to have that. She is the widow of the deceased and it is an obvious play for sympathy and prejudice and Your Honor asked her why she was here and all I heard was a bunch of mumbling. I got no answer at all as to why she is here, and I would like to know myself.

"I would like counsel to state on the record why she is sitting with counsel for the defense at his table. I would like to know the reason, and I think I am entitled to know because she is the widow. If she were a stranger maybe I shouldn't know it but under the circumstances I think I should know and I move to have the court enter an order to direct counsel to have her removed from counsel's table.

*"The Court:* Is there any further comment?

"The court will deny both motions.

(Jury brought in.)"

The motion for mistrial should have been granted, the case then being hopeless of due trial to a verdict unaffected by misapprehension or misapplication by the jurors of inadmissible facts and other prejudicial considerations.

When on the one hand some juror may have been brought to wonder, from the continuous act put on by defense counsel, whether the widow Thompson might lose her little all by a substantial verdict for the plaintiff, that act alone called for an order of mistrial on motion. We conclude thus because, all through the trial, the judge continued to maintain his original position. He said again, when the question was raised again later in the trial, that "She may sit next to counsel if she so desires, if counsel desires to have her."

On the other hand, when skilled trial counsel undertakes—no matter by what cunning subtlety—to

defeat the purpose of our court-adopted rule of trial procedure (CLS 1961, § 500.3030 [Stat Ann 1957 Rev § 24.13030]),* such act on his part must result in a mistrial provided opposing counsel move in due time therefor. The rule, prohibiting "any reference whatever * * * to such insurer," and prohibiting like reference "to the question of carrying of such insurance," means just what it says. All experienced trial counsel, including, of a surety, trial counsel and both counsel now at bar, know full well how to insure compliance therewith. Indeed, this Court made it doubly plain, first in the *Darr Case* and later the *Felice Case,* that it is firmly determined to enforce section 500.3030 so long as that section remains, as it now is, an effective rule of trial practice.

When defense counsel finally moved for a mistrial the trial judge should have entered, not only an order for mistrial, but another order for immediate retrial, thus to insure that the defense gain no advantage by the conduct of its counsel. This brings up a phase of the case which arose here during oral argument.

During such argument plaintiff's counsel attempted to excuse what he did by saying that he had no alternative; that the defense would have cared little had a mistrial been ordered on motion of plaintiff's counsel. Plaintiff's counsel told us additionally that such an order would have postponed the trial again for many months, with no assurance that the same tactics would not be employed again. Such at least was the excuse plaintiff's counsel offered. As we

---

* See *Darr* v. *Buckley,* 355 Mich 392, 396 and *Felice* v. *Weinman,* 372 Mich 278. The statute reads:

"Sec. 3030. In the original action brought by the injured person, or his or her personal representative in case death results from the accident, as mentioned in section 3006, the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial."

have seen defense counsel offered no excuse for the continuing widow Thompson drama.

We consider now the point made by way of such excuse. If, in the Saginaw circuit, a mistrial having been ordered, it is the practice to start the case on another long journey upward—on the eligible list—toward the point where it can be "reached" again, we suggest that such practice be brought to an abrupt end in favor of ordering an immediate retrial of the mistried case. That should be done, and trial of the mistried case should be started, as soon as jurors having no part in the *voir dire* on the preceding occasion are available.

The circuit court's judgment is reversed and the case is remanded for new trial. We reverse on account of prejudicial misconduct of both trial counsel before the jury, on account of error of the trial judge in failing to discipline the trial properly, and on account of error of the trial judge in refusing to grant defendant's motion for mistrial. No costs, incurred by appellant below or upon review here, may be taxed. Plaintiff may recover her costs incurred on account of such mistrial only in event she recovers judgment upon new trial.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.