PATTON v AVIS RENT-A-CAR SYSTEMS, INC

1. AUTOMOBILES—NEGLIGENCE—QUESTION OF FACT—APPEAL AND ER-
    ROR.

    In a case where there was notice to the driver of the possibility
    that children did not get out of a place of danger as the driver
    was proceeding into a narrow alley and children had climbed
    on the running board of his truck, the question of the defend-
    ant's negligence under the *respondeat superior* doctrine was
    one of fact for the jury, and the Court of Appeals cannot and
    should not substitute its judgment for that of a jury.

2. JURY—PEREMPTORY CHALLENGES—COURT RULES—APPEAL AND ER-
    ROR.

    The fact that a trial judge allowed more peremptory challenges to
    the parties than provided for by an amended court rule, of
    which neither judge nor counsel was aware, was not prejudicial
    to the complaining party and not reversible error where the
    complaining party gained two peremptory challenges to his
    adversary's one (GCR 1963, 511.5).

3. TRIAL—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

    The trial court did not err in refusing a plaintiff's request to
    inquire of the jury whether they would apply the court's
    instructions as to contributory negligence, because it is funda-
    mental under their oath that jury members agree to accept the
    law as given by the trial judge in the charge.

4. TRIAL—WITNESSES—PRESENCE AT COUNSEL TABLE—PREJUDICIAL RE-
    MARKS OF COUNSEL—NEW TRIAL.

    It is permissible within the discretion of the trial judge to allow a
    key witness, an expert witness, or some other person with
    whom counsel might need to confer during the conduct of a
    trial to sit at the counsel table.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.
[2] 53 Am Jur, Trial § 463.
[3] 53 Am Jur, Trial § 845.
[4, 5] 53 Am Jur, Trial §§ 19–32.

5. TRIAL—DECEPTION OF JURY—WITNESSES—PRESENCE AT COUNSEL
   TABLE—PREJUDICIAL REMARKS OF COUNSEL—NEW TRIAL.

>  A judgment for defendants is reversed and a new trial ordered for
>  the composite error of the designation of a witness as an
>  "unnamed defendant", his continued presence at the counsel
>  table after any possible assistance he could have rendered
>  defense counsel, and the final remark in defense counsel's
>  closing argument of thanking the jury for its attention *in his
>  behalf.*

Appeal from Wayne, James E. Hoff, J. Submitted Division 1 November 15, 1972, at Detroit. (Docket No. 11138.) Decided February 20, 1973. Leave to appeal denied, 390 Mich —.

Complaint by Charles Patton for himself and as next friend of LaRoy Patton against Avis Rent-A-Car Systems, Inc., and Allied Delivery Systems, Inc., for damages resulting from negligence. Judgment for defendants. Plaintiff appeals. Reversed and remanded for new trial.

*Louisell & Gillis* and *Ripple & Chambers, P. C.,* for plaintiff on appeal.

*Plunkett, Cooney, Rutt & Peacock* (by *John D. Hayes* and *Richard F. Brennan),* for defendants.

Before: LEVIN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from an order denying a motion for a new trial in a negligence action brought on behalf of a minor by his father as next friend and an additional claim for medical and hospital expense by the father in his own right.

The suit names as defendants Avis Rent-A-Car, owner of the vehicle involved, and Allied Delivery

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Systems, by whom the driver was employed. The driver was not made a party defendant.

In substance the facts are as follows. The driver of the truck was required to make a delivery which necessitated driving the truck into a narrow alley. As he turned into the drive a number of youngsters climbed on both running boards of the truck. The driver stopped the vehicle and told the kids to get off. They did not immediately comply. The driver waited for a few minutes answering a lot of questions the children asked. When their curiosity was apparently satisfied, the driver, according to his testimony, concluded they were all off the running boards. He had looked in both rear-view mirrors and looked out of the window on the left side. There is a conflict as to whether he looked out of the right window. It is not disputed, however, that he did not slide over to the right side of the cab and make a physical observation from the right window of the cab from which he could have seen the right running board. We hold that with the notice of the possibility that the children did not get out of a place of danger the question of the named defendants' negligence under the *respondeat-superior* doctrine was one of fact for the jury. The trial judge properly so submitted it. The jury resolved it against the plaintiff. We cannot and should not substitute our judgment for that of the jury. As to the claim of error in this regard we affirm the trial judge.

The balance of the assignments of error are purely questions of law. The first is that because of an amendment to the General Court Rules given immediate effect by our Supreme Court[1] both sides exercised more peremptory challenges than the amended rule provided. It is apparent from the

---

[1] GCR 1963, 511.5.

record that neither the trial judge nor counsel were yet aware of the change in the rule reducing the number of peremptory challenges. The plaintiff-appellant exercised the five challenges permitted before the rule change. Defendant exercised fewer. It is difficult to understand how plaintiff-appellant, having gained two peremptory challenges to his adversary's one, can complain. See 95 ALR2d 957, § 3, pp 963, 964. We find no merit in this assignment of error.

Next appellant complains that the trial judge erred reversibly in refusing to inquire of the jury whether they would apply the court's instruction as to contributory negligence.

It would be an unsound rule of law to hold that one party to a lawsuit could demand and receive a special inquiry of the jury as to whether it would follow the court's instruction on a particular legal issue. It is fundamental that under their oath the jury members agree to accept the law as given by the trial judge in the charge, and to confine their findings to issues of facts. To sanction the right of one party to an inquiry whether the jury would follow the court's instruction as to a particular issue of law would invite chaos among trial judges to try to determine which, if any, legal issues were entitled to this preferential treatment. We reject this claim of error.

We come now to the most serious question raised. Appellant complains that both in the opening statement and in the closing argument, defense counsel referred to the truck driver as the "unnamed defendant". Plaintiffs' counsel objected most strenuously.

At the time of the accident the driver of the truck, one Taylor, was employed by defendant. By the time of trial he was not an employee of either

named defendant. Liability of one or both of the named defendants was vicarious and would arise by reason of the negligence of the driver, Taylor. Hence, the inquiry becomes, was the reference to Taylor as an "unnamed defendant" who sat at the counsel table with defense counsel throughout the trial reversible error?

We approach the question with caution. It is not without serious overtone for the trial bench and bar. A somewhat similar situation was faced, relatively recently, by our Supreme Court. In that case defense counsel had with him at the counsel table the widow whose deceased husband's estate was being sued because of his alleged negligence. She was not a named defendant or a witness and had no connection in the case except as a beneficiary of the defendant estate. It is not difficult to divine what effect her presence at the counsel table might well have had on the jury, nor the motive of defense counsel in having her there and introducing her as the widow of the deceased whose estate was being sued. The Supreme Court made short shrift of the matter. A $50,000 verdict for plaintiff was set aside. It is true this was not only because of the presence of the widow at the counsel table but also because of the prejudicial misconduct of both trial counsel before the jury and the refusal of the trial judge to grant defendant's motion for mistrial. *Benmark v Steffen,* 374 Mich 155, 165 (1965).

Neither counsel in this case adverted to *Benmark, supra.* We invited additional memoranda and letter briefs to discuss *Benmark, supra.* They have been received and considered.[2]

---

[2] Plaintiffs' appellate counsel in his supplemental brief incorrectly and improperly charged that counsel for the appellee in this case had been "spanked" by the Supreme Court for its conduct of the trial in *Benmark.* The charge is totally unfounded. Counsel for the appellee

We want to make clear that allowing a key witness, an expert witness, or some other person with whom counsel might need to confer during the conduct of the trial to sit at the counsel table is permissible in the discretion of the trial judge. The same is true of a named party litigant unless, of course, the named parties are so numerous as to interfere with the orderly conduct of the trial.

The precise point here involved is the *combination* of counsel for defendant designating the witness Taylor as an "unnamed defendant", and allowing his continued presence at counsel table during examination that could not possibly bear upon the facts of the accident, *i.e.,* the medical testimony, and during the arguments to the jury. It is to be borne in mind that in this case that timely objection was made to the designation of the witness, Taylor, as the "unnamed defendant", and to his presence at the counsel table.

We dislike to overburden our opinions with lengthy quotations from the trial transcript. In this case we deem it important to both bench and bar to set forth the whole colloquy among both counsel and the trial judge bearing on the *Benmark* issue.

"*Mr. Hayes:* May it please the court, ladies and gentlemen, Mr. Chambers, Mr. Steiner; my name, of course is Jack Hayes, and I represent the defendant in this action. I am representing the two defendants that are named, Avis and Allied, and I am also representing Mr. Taylor, who is not named.

\*    \*    \*

"*The Court:* Let the record show we are having a chambers conference at approximately eight minutes

---

in this case was not involved in the *trial* of *Benmark* and the claim of repetitious error was carelessly and imprudently made.

after four on Thursday afternoon, October 15 with all trial counsel present and Mr. Chambers wishes to place an objection on the record.

"*Mr. Chambers:* Yes, your Honor. I wanted to make the objection for the record that I object to the driver of the truck who was a witness in the case sitting at the counsel table with Mr. Hayes since he is not a defendant in the case, never has been, is no longer employed by the Allied Delivery Service and hasn't worked there, as a matter of fact, in over four years.

"It is inconceivable to me that he can be a representative of the company under these circumstances, and for that reason I object to him sitting at the counsel table.

"*Mr. Hayes:* If the court please, perhaps the record should show that we discussed this matter earlier sometime this morning, I believe, or shortly before the other recess, and by agreement of all concerned, counsel and court, Mr. Chambers was going to be given this opportunity to make this same objection.

"We discussed it at that time and I took the position then as I do now that it would be impossible for me to proceed on behalf of the two defendants I am representing without the assistance of Mr. Taylor who is sitting with me as a representative of his former employer. People that have testified and will be testifying are people who were at the scene immediately after the accident or at the time of the accident, and it is necessary for me to consult with him throughout that testimony inasmuch as he is the only representative of the two defendants that I am representing and particularly the former employer who was there. To have Mr. Taylor sit anyplace else would be in effect denying defendants to conduct any type of defense without running back and forth to wherever Mr. Taylor might otherwise sit.

"I take the position, your Honor, that he is sitting with me as a representative of both defendants and certainly as the former employer who was the lessee and I could not conduct the defense of either defendant without his assistance.

"*The Court:* Are you ready for the ruling?

"*Mr. Chambers:* Yes.

"*Mr. Hayes:* Yes.

"*The Court:* Trial courts are given a certain discretion over the conduct of any trial and this might well come within the discretion of the trial court. The question arises frequently when corporate parties are involved. Counsel for the defendant has indicated that this former employee of the defendant Allied is necessary for him to consult with at the counsel table. I have observed there was during the course of the trial rather frequent consultations between counsel for the defendants and William G. Taylor, such as looking at photographs that were going to be offered into evidence and discussions regarding testimony of witnesses prior to cross-examination. Plaintiffs' objection is overruled.

\* \* \*

"*Mr. Chambers:* \* \* \* [T]he driver \* \* \* is not a defendant \* \* \* not even an 'unnamed' defendant.

\* \* \*

"*Mr. Hayes:* \* \* \* [O]ne of the things Mr. Chambers was going to show you by his proofs was that Mr. Taylor, the unnamed defendant here, was operating—

"*Mr. Chambers:* I am going to object to him being referred to—I don't like to interfere—but as the 'unnamed defendant'. He is not a defendant in this case, your Honor, and I don't think that is proper.

"*Mr. Hayes:* If the court please, the only way that the plaintiff can recover against Avis and Allied, who are the named defendants, is to show that Mr. Taylor was guilty of some negligence. Allied and Avis are only responsible if Mr. Taylor has done something wrong and that is what I refer to.

"The proofs necessarily have to establish—

"*The Court:* Just a moment. Let me rule on the objection. What counsel is doing, he is characterizing Mr. Taylor as an 'unnamed defendant' and that is all it is. It is a characterization—part of his argument to you.

"Mr. Taylor is not a defendant in this lawsuit. There are only two defendants—Avis and Allied. It is true we have what we call the vicarious liability law and if the driver Taylor, acting within the scope of his employ-

ment, was negligent, if the plaintiff was injured and if Taylor acting within the scope of his employment was negligent and his negligence was a proximate cause of the injuries, then the liability attaches to the named defendants.

"All right.

"*Mr. Hayes:* Thank you, your Honor.

* * *

"If Mr. Taylor was not guilty of negligence, as the judge will define those terms, or that term, for you, Allied and Avis, who have been named, cannot be responsible and here, again, I don't think it is any accident that Mr. Taylor has not been named and this again is my opinion. You can take it for what it is worth.

"You will recall the figures that Mr. Chambers put before you, and they are astronomical. You will recall his several references to the 'corporation attorney, the attorney for the corporation'. Mr. Taylor has been around all the time. He could or could not sue him in addition to Allied and Avis. He didn't have to, but if he had he wouldn't be able to make those references to the 'corporation attorney'.

* * *

"[T]hings like prejudices, passions or sympathies, or anything of that nature, should have no effect on your deliberations. It shouldn't enter your deliberations that, as Mr. Chambers indicated, these folks come from an underprivileged neighborhood any more than it should enter your deliberations—as he also has brought up, that I am representing a couple of companies.

* * *

"Under the law, ladies and gentlemen, we feel that the plaintiffs have not carried their burden of proof in showing that there was any actionable negligence on the part of Mr. Taylor and, through him, on the part of the two named defendants.

* * *

"*Mr. Chambers:* As to why I didn't sue the driver, I thought I made that clear. I sued the companies be-

cause they are responsible. He is not a defendant in this case."

As we view all of the foregoing, the trial court made two distinct and separable rulings. First he ruled on the question of the right of a key witness, not a party litigant, to sit at the counsel table. We agree with and affirm his holding that "trial courts are given a certain discretion over the conduct of any trial" and this (the question of the right of Taylor to sit at the counsel table) was within his discretion.

The second ruling was whether after Taylor was allowed to remain there he could continue to be referred to as the "unnamed defendant". As to this precise point the trial judge ruled:

*"The Court:* Just a moment. Let me rule on the objection. What counsel is doing, he is characterizing Mr. Taylor as an 'unnamed defendant' and that is all it is. It is a characterization—part of his argument to you."

In this particular, we think the trial judge was in error, and reversibly so. Taylor was never a named defendant. Obviously he could have been at the option of the plaintiff. We disagree with the trial judge that this was merely "characterizing Mr. Taylor as an unnamed defendant * * * [as] part of his argument to you [the jury]". It was far more. It certainly could have been an attempt to suggest personal liability on the part of the driver, Taylor, to evoke sympathy for him as the "unnamed defendant".

Buttressing this conclusion is the following quote from defense counsel's closing argument.

"I am talking at some length because it is a serious case, and I am sure you appreciate it, but, notwith-

standing, you are giving me your attention, and on behalf of Avis and Allied *and on behalf of Mr. Taylor,* we appreciate the attention you have properly given both sides here." (Emphasis supplied.)

In simple substance we say with the *Benmark* Court that the trial was simply underdisciplined. Defense counsel in the above-quoted excerpt from argument to the jury went too far. On behalf of Mr. Taylor there was nothing to "thank" the jury for. Taylor was simply a witness. The jury was not to be thanked on his behalf anymore than any other witness. It is not improper to thank a jury for its attention during a trial. Jury duty is arduous at best, and thanks from bench, bar, and the electorate of a society that provides a jury trial is due them. Thanks is not due them on behalf of a party improperly designated as an "unnamed defendant", who under the pleadings could not have possibly incurred any personal liability as a non-party-litigant.

For the composite error of the designation of the witness, Taylor, as an "unnamed defendant", his continued presence at the counsel table after any possible assistance he could have rendered defense counsel, and the final remark in defense counsel's closing argument of thanking the jury for its attention *in his behalf,* we reverse and remand for a new trial. Costs to the appellant.

All concurred.