Audrey WALCZEWSKI,
Plaintiff-Appellant,

v.

Ruben W. WRIGHT, Defendant-Appellee.

No. 3-1176A283.

Court of Appeals of Indiana,
Third District.

Aug. 20, 1979.

Robert F. Gonderman, South Bend, for plaintiff-appellant.

John T. Mulvihill, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, for defendant-appellee.

HOFFMAN, Judge.

Plaintiff commenced an action to recover for personal injuries sustained in an automobile collision with a vehicle operated by the defendant. In addition to compensatory damages, she sought punitive damages on the basis that her injuries were caused by defendant's willful and wanton misconduct in driving his automobile while under the influence of alcohol. The jury rendered a verdict in favor of the plaintiff and awarded her $1,000 for her injuries.

The evidence most favorable to the judgment discloses these circumstances: At approximately 5:12 P.M. on January 20, 1974, plaintiff-appellant Audrey Walczewski was a passenger in an automobile owned and operated by Chester Hodowaniec. The couple was headed in an easterly direction on Ford Street in South Bend, Indiana at a point where Ford intersects with Grand Street. Defendant-appellee Ruben Wright was driving in a southerly direction on Grand toward Ford. Having failed to notice any cars approaching from Ford, defendant proceeded across the intersection at 10–15 miles per hour. While crossing he observed the Hodowaniec vehicle, which had the right-of-way, approaching the intersection. In an effort to avert a collision, defendant quickly accelerated. Neverthe-

less, Hodowaniec struck defendant's vehicle in the right rear quarter panel and spun the car around. Once he regained control of his automobile, defendant drove directly home.

When he reached home a few minutes later, defendant related the accident to his wife and asked for a beer. He testified this beer was the only alcohol he had imbibed that day. Shortly thereafter, the police arrived and escorted defendant to the police station where they administered a test nearly an hour-and-a-half after the accident. The results indicated that the alcoholic content in defendant's blood was .12%.

On appeal, plaintiff assails two actions of the trial court:

1. whether error was committed in denying plaintiff's instruction on punitive damages; and

2. whether error was committed in refusing to strike a comment made by defense counsel during voir dire examination of the jury that he had been hired by an insurance company.

■ At the close of all the evidence, plaintiff tendered an instruction on punitive damages which the trial court refused. It is argued that since evidence was presented at trial from which the jury could have inferred defendant was intoxicated when the collision occurred, the jury should have been instructed to consider whether plaintiff was entitled to punitive damages. Plaintiff grounds this assertion on the premise that driving while intoxicated is sufficiently willful or wanton misconduct in itself to justify an award of punitive damages against a drunken driver whose negligence has resulted in injuries to another.

However, this premise has been expressly rejected in Indiana. In *Thompson v. Pickle* (1963), 136 Ind.App. 139, 191 N.E.2d 53, the court embraced the following instruction as a correct statement of the law:

" 'I instruct you that if you find from the evidence in this case that the defendant

Glen Leroy Thompson, was under the influence of intoxicating liquor at the time of the accident in question, that fact in and of itself, if you so find, is not sufficient to constitute wilful or wanton misconduct on the part of the defendant.' " 191 N.E.2d at 56.

■ Next, plaintiff urges that a statement made by defense counsel during voir dire of the jury in which he told the prospective panelists he had been hired by an insurance company should have been stricken from the record. The record does not indicate that the plaintiff moved to strike the allegedly objectionable statement. Accordingly, the issue is waived.

■ On the merits, plaintiff's contention is patently specious. She claims that insofar as it is wrong for plaintiffs to inject the issue of a defendant's insurance into personal injury suits, it should be equally wrong for defendants to do so. She insists that prejudice to her case should be presumed.

This novel proposition is untenable since a sound reason exists for prohibiting plaintiffs in tort actions from establishing the fact of insurance carried by a defendant. The rationale was aptly stated in *Miller v. Alvey* (1965), 246 Ind. 560, 207 N.E.2d 633:

"Decisions of this state recognize the rule that in an action for damages growing out of an automobile accident evidence as to insurance carried by the defendant is ordinarily inadmissible not only because it is irrelevant but because it tends to prejudice the jury against the defendant." 207 N.E.2d 637.

In other words, there is a danger that the jury might find for the plaintiff and award a larger judgment merely because an insurance company is "footing the bill." In the case at bar, it is inconceivable how plaintiff was prejudiced since defense counsel's statement inured to her benefit.[1]

---

1. *Felice v. Weinman* (1964), 372 Mich. 278, 126 N.W.2d 107 cited by plaintiff for the rule that injection of insurance into an automobile case by counsel for the defendant is prejudicial error can be distinguished. There, the court enforced a Michigan statute which had been adopted by its Supreme Court as a rule of trial procedure. The rule prohibited any reference to the insurer of either party or to the question of carrying such insurance during the course of the trial. Indiana has not adopted a comparable rule.

No reversible error having been shown, the judgment of the trial court must be affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

I concur in result, since I consider it error for either the plaintiff or the defendant to mention insurance coverage. Here, there was no objection made to the statement made by defense counsel, and the injection of insurance, from the standpoint of damages, appears to be harmless error. Nevertheless, in the proper case where damages are considerable, the injection of insurance coverage by the defense counsel could invite speculation on the part of the jury as to the defendant's coverage. For example, a defendant of limited means, heavy financial obligations and a large family to support, may in a particular factual setting invoke sympathies of a jury. Speculation could occur during the jury's deliberations as to the amount of insurance coverage in an attempt to limit the amount of damages to the insurance coverage of the defendant's policy. This is probably one reason for the Michigan rule in *Felice v. Weinman* (1964), 372 Mich. 278, 126 N.W.2d 107. In the proper factual setting and with a proper objection by the plaintiff's counsel, the injection of insurance coverage could amount to reversible error; therefore, I concur in result.