Richard H. GERRISH,
Plaintiff-Appellant,

v.

Stanley BREWER, Defendant-Appellee.

No. 1–1078A271.

Court of Appeals of Indiana,
First District.

Dec. 26, 1979.

Donald W. Ward, John F. Ittenbach, Ronald L. Jackson, Feeney & Ward, Indianapolis, John W. Donaldson, Lebanon, for plaintiff-appellant.

Glenn E. Davis, Sr., Davis & Davis, Indianapolis, Charles W. Ritz, Parr, Richey, Obremsky & Morton, Lebanon, for defendant-appellee.

NEAL, Judge.

Plaintiff-appellant Richard Gerrish appeals from an adverse judgment in the Boone Superior Court in a suit for personal injuries arising out of a fall suffered by appellant on defendant-appellee Stanley Brewer's premises.

The record discloses that appellant rented a basement apartment from appellee in Indianapolis in 1967. Appellant had requested appellee to repair a window in his apartment. The repair work involved a certain raised grating around the window well in a narrow walkway which appellant used daily. At the time of the injury, September 9, 1975, the walkway was unlighted, and appellant incurred his injuries by falling over the unguarded raised grating in the dark.

The only error alleged by appellant was the court's giving Defendant's Instruction No. 8, to the jury. That instruction, which is an incurred risk instruction reads as follows:

"The defendant has raised the issue that plaintiff incurred the risk of the injuries and damages he seeks in this lawsuit. The Doctrine of Incurred Risk is a separate defense from that of contributory negligence and is based upon the the proposition that one incurs all the ordinary and usual risks of an act upon which he voluntarily enters so long as those risks are known and understood by him, or could be readily discovered and understood by a reasonable and prudent person under like or similar circumstances.

If you find, therefore, that the plaintiff knew, or in the exercise of reasonable and ordinary care, should have known, that the grating at the walkway he was using protruded out of the walkway, that at the time he fell the plaintiff voluntarily entered the walkway which at the time was dark and unlighted; and you further find that the plaintiff did trip over the grating, then plaintiff incurred the risk of the injuries and damages he seeks and can not recover from the defendant, even though you find the defendant may have been negligent."

At trial Gerrish objected to this instruction as follows:

"On behalf of the Plaintiff, Richard Gerrish, the Plaintiff would object to Defendant's tendered Instruction Number 8 for the reason that the second paragraph is an incorrect application of the facts to the law, is an incorrect statement of the law, in that it gives the impression to the jury that knowledge of the risk at *any time prior* to the accident would bar recovery by the Plaintiff. It is a mandatory instruction and omits the requirement that he know and appreciate the danger *at the time* he entered the passageway in question. Therefore, it's an incorrect statement of the law. Plaintiff would also object to Defendant's Tendered Instruction Number 8 for the reason that there was no evidence from which inferences could be drawn which would support the giving of the Instruction on incural [sic] of the risk." (Emphasis added.)

The errors that appellant has preserved by his objection to Defendant's Instruction No. 8 may be stated as follows:

1. It gives the impression to the jury *that knowledge of the risk at any time prior to the accident* would bar recovery by the plaintiff. (Emphasis added.)

2. It is a mandatory instruction.

3. Omits the requirement that he knew and appreciated the danger at the time he entered into the passageway in question.

Prior to entering into the discussion of the merits of Instruction No. 8 we wish to note the lament expressed by Justice Arterburn in *Perry v. Goss,* (1970) 253 Ind. 603, 608, 255 N.E.2d 923, 927.

"Instructing a jury is a most difficult and complex process. It is generally conceded that there has been an overemphasis placed upon the wording and refined meaning of instructions which far exceed [sic] their actual effect upon the jury. When an instruction has to be read and reread by a legally trained mind to catch a slight variation or error in its meaning, it is difficult to believe that a jury of laymen could have been misled. Words are mere signs or symbols of meaning and thought, which are never exact. We strive with inexact tools to work out refinements and precise lines in statements of thoughts and ideas, but are never able to reach exact perfection. In the writing of instructions, we are eternally confronted with attempts and failures at exactitude, and we must keep this human frailty in mind when we examine the language of instructions. [Citations omitted.]"

■■■■ The appellant argues that the instruction incorrectly allows constructive knowledge to bar recovery under the incurred risk doctrine, and cites *Kroger Co. v. Haun,* (1978) Ind.App., 379 N.E.2d 1004, decided after this case was tried. In that case Judge Sullivan, in a lengthy review of the doctrine of incurred risk, correctly held that constructive knowledge has no place in determining incurred risk. However, appellant did not raise this argument in his objections to the instructions at trial level and has therefore waived it. *Grinter v. Haag,* (1976) Ind.App., 344 N.E.2d 320.

We will discuss objections Nos. 1 and 3 which defendant did make at trial level to the instruction, which are set out above, together, as they import the same subject matter.

Appellant argues that in this incurred risk instruction, the instruction did not specifically set forth the idea that the defendant must know and appreciate the danger *at the time* he encountered it. He cites cases which discuss the doctrine of "momentary forgetfulness." *Town of Argos v. Harley,* (1943) 114 Ind.App. 290, 49 N.E.2d 552; *State v. Dwenger,* (1976) Ind.App., 341 N.E.2d 776. *Town of Argos v. Harley, supra,* 114 Ind.App. at 305, 49 N.E.2d at 557–558, states the doctrine as follows:

"Where a pedestrian is injured as a consequence of a defect of which he had previous knowledge, the mere fact of previous knowledge does not *per se* establish *contributory negligence.* And this is also the rule where previous knowledge is coupled with absence of thought concerning the defect at the time of the injury, or momentary forgetfulness of it. Previous knowledge of a defect and forgetfulness of it are important facts to be considered in connection with all other circumstances *in determining whether the party injured was exercising reasonable care.* But it is not negligence, as a matter of law, for a person who has knowledge of a defect not to remember it at all times and under all circumstances." (Emphasis added.)

All of the cases cited by appellant relating to the doctrine of "momentary forgetfulness" are contributory negligence cases. In *Kroger Co. v. Haun, supra,* 379 N.E.2d at 1008, incurred risk and contributory negligence are distinguished:

"(1) Incurred risk demands a subjective analysis with inquiry into the particular actor's knowledge and voluntary acceptance of the risk. Contributory negligence contemplates an objective standard for the determination whether a reasonable man would have so acted under similar circumstances. [Citations omitted.]

(2) Incurred risk is concerned with the perception and voluntariness of a risk and is blind as to the reasonableness of risk acceptance. Contributory negligence is concerned with whether the acceptance of the risk was reasonable and justified in light of the possible benefit versus the degree of danger. [Citation omitted.]

(3) Incurred risk involves a mental state of 'venturousness' while contributory negligence, . . . describes con-

duct which is 'careless'. [Citations omitted.]"

■ By definition, then, since the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon a course of conduct with knowledge of the circumstances, the doctrine of "momentary forgetfulness" cannot become a part of the doctrine of incurred risk. It is difficult to perceive how a plaintiff could consciously, deliberately and intentionally encounter a risk that he had forgotten about. The doctrine is correctly a part of the doctrine of contributory negligence, and the cases so hold. Therefore, the court did not commit error in not incorporating the doctrine of "momentary forgetfulness" into an incurred risk instruction. It may be noted that the court did so instruct as related to contributory negligence.

■ Plaintiff next argues that under objection No. 2 to instruction No. 8, as set out above, the instruction is erroneous because it is mandatory. A mandatory instruction is one in which there is an attempt to set out certain facts upon which the jury is directed to reach a certain result. Although mandatory instructions are not necessarily bad, the courts look with disfavor upon their use. *Perry v. Goss, supra; Board of Commissioners of Delaware County v. Briggs,* (1975) Ind.App., 337 N.E.2d 852. A mandatory instruction must set out all of the elements or facts essential to justify the compulsive verdict, and a failure to include all of the essential elements or facts constitutes reversible error. *Stauffer, Admx. v. Ely,* (1971) 149 Ind.App. 93, 270 N.E.2d 889.

Plaintiff claims that instruction No. 8 is deficient in the recital of the essential elements or facts in that it failed to specify the following:

"1. How far the grating protruded out of the walkway.

2. Whether the grating was directly in plaintiff's way in walking down the pathway or whether it was off to one side.

3. Whether alternate paths were available to the plaintiff.

4. Whether once he was in the walkway, he could have turned around and avoided any risk.

5. Whether plaintiff knew at the time he entered the walkway that the grating protruded out of the walkway, or whether he had momentarily forgotten about the danger.

6. Whether the injuries the plaintiff sustained were the ordinary or usual risk of using the walkway.

7. Whether plaintiff had previously used the same walkway safely."

It is to be noted that in his objections to the instruction at the trial level, the appellant raised only specification No. 5. By the authority of *Grinter v. Haag, supra,* these objections are waived. We have discussed specification No. 5 above.

■ Even if appellant had not waived those issues, such would not constitute error. It is our opinion that it is not necessary to incorporate every minutia of evidence, or exclude every related hypothesis, for a mandatory instruction to adequately express the facts and the law. Incurred risk is defined as follows in *Indiana, etc., Oil Co. v. O'Brien,* (1903) 160 Ind. 266, 272–73, 65 N.E. 918, 920:

"[If] the injured person had knowledge of the danger in question, and appreciated it, and voluntarily, or of his own choice, exposed himself to or encountered such danger, thereby incurring or taking upon himself, the risk incident thereto [,]"

he may not recover. The instruction in question added to that definition the principal facts that the plaintiff with knowledge of the grating which was protruding entered the walkway which was dark, and tripped over the grating. Those are ultimate facts sufficient to invoke the doctrine of incurred risk. Such an incurred risk instruction was approved in *Thompson v. Pickle,* (1963) 136 Ind.App. 139, 191 N.E.2d 53. There the recital of facts was as follows, at 146, 191 N.E.2d at 57:

"I instruct you that if you find from the evidence in this case that the plaintiff

entered the automobile of the defendant at a time when the plaintiff knew that the defendant was under the influence of intoxicating liquor and about to drive his automobile while in such condition . . .”

For the reasons set forth above, the decision in the court is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.