996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl W. ROADARMEL; Kathleen Roadarmel, Plaintiffs-Appellees,
v.
GREAT WESTERN CHEMICAL COMPANY, a Washington corporation,
Defendant-Appellant,
and
Exxon Corporation, a New Jersey Corporation, Defendant.
 No. 91-36135.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1993.*
Decided June 23, 1993.
 
 Before FARRIS, FERGUSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Great Western Chemical Company ("Great Western") appeals from a jury verdict in favor of Earl and Kathleen Roadarmel in the Roadarmels' products liability action for injuries sustained by Earl Roadarmel due to his exposure to the chemical toluene. The toluene was manufactured in bulk by Exxon and then distributed by Great Western for the use of Acme, Roadarmel's employer, at a road construction site. Great Western argues that there was insufficient evidence to support the verdict, and that the special verdicts are inconsistent and require a new trial. We affirm.
 
 
 3
 This case is governed by the substantive law of Montana. In the absence of a ruling from the Montana Supreme Court, we have explicitly adopted the Restatement (Second) of Torts for cases arising in Montana. Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 923 (9th Cir.1987). In reviewing procedural matters such as the insufficiency of the evidence and the inconsistency of the special verdicts, however, we apply federal law. See, e.g., Glovatorium, Inc. v. NCR Corp., 684 F.2d 658, 660 (9th Cir.1982).
 
 
 4
 * Great Western argues that the district court erred in denying its motions for a directed verdict and for judgment notwithstanding the verdict. We review these claims de novo to determine if there was only one reasonable conclusion the jury could have reached. See In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). "The adequacy of a warning under products liability is a question of fact to be left to the jury." Bryant v. Technical Research Co., 654 F.2d 1337, 1345 (9th Cir.1981) (citations omitted). Great Western first asserts that there was insufficient proof of the inadequacy of the warning. Next, Great Western contends that Roadarmel is precluded from recovery because he admits he did not read the warning, thereby breaking the chain of causation. Finally, Great Western argues that the actions of Roadarmel's employer were an intervening, superseding cause of injury.
 
 
 5
 Construing all evidence in light most favorable to the Roadarmels, we hold that--although reasonable minds could differ--there is sufficient evidence in the record to uphold the jury verdict. Specifically, the jury could justifiably have found that Great Western did not fulfill its obligation to adequately warn Roadarmel, the ultimate user of its product, although Great Western sent a material safety data sheet to Acme and placed a warning label on each fifty-five gallon barrel of toluene.
 
 
 6
 Sending the safety data sheet to Acme did not necessarily relieve Great Western of its duty to warn Roadarmel himself. See Restatement (Second) of Torts § 388, comment n. "Giving to [a] third person through whom the chattel is supplied all the information necessary to its safe use is not in all cases sufficient to relieve the supplier from liability. The question remains whether this method gives a reasonable assurance that the information will reach those whose safety depends upon their having it." Id. "In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use." Restatement (Second) of Torts § 402(A), comment j. The jury could justifiably have found that Great Western could have foreseen that Acme would not thoroughly review all the safety data sheets it received and relay all relevant safety information to each construction worker.
 
 
 7
 An adequate warning to an employer may not absolve a company from a duty to warn the ultimate user of the product. In Blain's Helicopters, 831 F.2d at 924, we found that a warning by a lessor to the man in charge of the day-to-day operations of a helicopter lessee did not, as a matter of law, preclude a jury finding of inadequate warning to one of the lessee's pilots. See also Jackson v. Coast Paint & Lacquer Co., 499 F.2d 809, 812-14 (9th Cir.1974) (holding that it was error to instruct the jury that an employer's knowledge of danger concerning the potential explosiveness of paint fumes would obviate any duty to warn the employee); Eck v. E.I. DuPont de Nemours & Co., 393 F.2d 197 (7th Cir.1968) (finding a triable issue on the duty of a purveyor of dynamite to warn a laborer directly, notwithstanding safety instructions having been provided to the employer).
 
 
 8
 Great Western contends that it could not have foreseen Acme's failure to pass along the information in the safety data sheet because Acme was under a statutory duty to provide a safe work environment. See Mont.Code Ann. § 50-71-201. Although this statutory duty is relevant to a determination of the foreseeability of Acme's failure to pass along the safety data sheet information, we do not find that it necessarily forecloses a rational jury from concluding that Great Western was obligated to make a reasonable attempt to convey an adequate warning to Roadarmel himself.
 
 
 9
 Great Western further claims that the warning on each barrel of toluene provided an adequate warning to Roadarmel, even without the extra information in the safety data sheets. We find that a reasonable jury could well have determined the warning label on the barrels of toluene to be inadequate.[1] Although the label suggests wearing a mask with supplied air, it implies that this precaution is designed to avoid irritation rather than any serious medical condition. The Roadarmels introduced evidence of scientific literature on the dangerous effects of inhaling toluene fumes, including its addictive properties and its toxic effect upon cell membranes which can disrupt the operation of nerve cells regulating the heart rate. We can detect no error in the jury's finding that the warning label on each barrel was inadequate.[2]
 
 
 10
 Great Western next contends that Roadarmel is precluded from recovery because he admits that he did not see the warning label on each barrel. We reject this argument. The jury may have believed that Great Western's failure to provide an adequate warning caused an inadequate communication of the warning. A claim involving inadequate communication of warning is not precluded by the plaintiff's not having read the warning. See, e.g., Rhodes v. Interstate Battery System of America, Inc., 722 F.2d 1517, 1519 (11th Cir.1984). The jury justifiably could have found that Roadarmel's co-workers--if they had come into contact with an adequate warning label--would have relayed the warning to Roadarmel. This case is unlike other failure to read warning label cases in which a plaintiff's failure to read an adequate and readily available label is a superseding act breaking the causal chain.
 
 B
 
 11
 Great Western's second basis for appeal centers on an alleged inconsistency in the special verdicts. Exxon, though not a part to this appeal because it has settled with the Roadarmels, was a defendant at trial. The jury found Great Western both negligent and strictly liable for Roadarmel's injuries; it found Exxon negligent, but not strictly liable. Because Exxon was found not strictly liable for failure to warn, and because Great Western contends that it passed along to Acme the same warning provided by Exxon, Great Western argues that it cannot rationally have been found liable. We will overturn the denial of a motion for a new trial only if the district court has abused its discretion. Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 178 (1989). It is our duty to attempt to harmonize allegedly inconsistent special verdicts. Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 119 (1963).
 
 
 12
 The jury's finding that Exxon was not strictly liable does not irreconcilably conflict with its finding that Great Western was both strictly liable and negligent. Exxon and Great Western are not similarly situated in their ability to warn the ultimate user. Under the Restatement, the adequacy of a warning provided to an intermediary third party that a provider of a product hopes to be passed along to the ultimate user "varies with the circumstances existing at the time the chattel is turned over to the third person...." Restatement (Second) of Torts § 388, comment n. "[I]n every case which involves the determination of the precautions which must be taken to satisfy the requirements of reasonable care, the magnitude of the risk involved must be compared with the burden which would be imposed by requiring" those precautions. Id.
 
 
 13
 Because Exxon manufactured the toluene in bulk, it could not provide a warning on the actual container of toluene. Great Western, however, placed the toluene in barrels, and therefore had the opportunity to place an adequate warning label on each barrel. The jury justifiably could have found that Exxon provided an adequate warning in light of the circumstances in which it sold the toluene, but that Great Western did not.
 
 
 14
 Exxon's negligence is also entirely consistent with Great Western's liability. The jury could justifiably have found not only that Great Western's warning was inadequate, but that Exxon's warning was also inadequate. Any inconsistency in the jury's special verdicts lies only in the special verdicts as to Exxon. Exxon might have been able to claim that it could not have been negligent because the jury necessarily determined that Exxon's warning was adequate by finding that it was not strictly liable. Exxon does not bring this appeal, however; Great Western does. Because the verdict finding Exxon not strictly liable is consistent with Great Western's negligence and strict liability, and because there is substantial evidence supporting Great Western's negligence and strict liability, Great Western has suffered no prejudice from the jury's finding that Exxon was negligent.
 
 
 15
 Finally, we reject Great Western's argument that the inconsistency demonstrates sufficient jury confusion as to the entire case to warrant a new trial. The Fifth Circuit rejected a strikingly analogous claim in Bridges v. Chemrex Speciality Coatings, Inc., 704 F.2d 175, 179-81 (5th Cir.1983). The first jury to hear the case found, in special interrogatories, that the defendant was not strictly liable, but it could not reach a verdict on the negligence claim. The worker claimed that these verdicts demonstrated jury confusion because the negligence and strict liability failure to warn claims had exactly the same basis. Therefore, the worker argued, the district court should not have accepted the verdicts and instead should have granted an entirely new trial. See Chemrex, 704 F.2d at 179-80.
 
 
 16
 On appeal, the court rejected the worker's claim, finding that there was sufficient evidence to support the jury finding that the defendant was not strictly liable. See Chemrex, 704 F.2d at 180-81. Therefore, any jury confusion that precluded a finding for the defendant on the issue of negligence did not prejudice the worker. Id. Because any jury confusion that existed had not been shown to prejudice the worker, no new trial was warranted. Id. See also Borel v. Fibreboard Paper Products Corp., 493 F.2d 1076, 1093-94 (5th Cir.1973) (holding that an inadequate warning claim involving inconsistent negligence and strict liability general verdicts was, although puzzling, not a valid basis for reversal).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The relevant warnings on the label state in small, although bright letters:
 HARMFUL OR FATAL IF SWALLOWED
 * * *
 Use with adequate ventilation.
 Avoid prolonged or repeated breathing of vapor.
 * * *
 FOR SAFETY: Do not get in eyes, on skin, on clothing. Wear goggles and protective clothing. Preferably wear a full face mask with supplied air. Eye, nose and throat irritation may occur in high concentrations of vapor.
 
 
 [2]
 We do not find that this case involves a matter "with respect to which a layman can have no knowledge at all," and thus reject Great Western's argument that the Roadarmels failed to introduce sufficient expert testimony. See Hill v. Squibb & Sons, E.R., 592 P.2d 1383, 1388 (Mont.1979) (discussing a pharmaceutical warning provided to physicians concerning a prescription drug) (internal quotation omitted)